1   SEYFARTH SHAW LLP
    Daniel Whang (SBN 223451)
2   2029 Century Park East, Suite 3500
    Los Angeles, California 90067-3021
3   Telephone:    (310) 277-7200
    Facsimile:    (310) 201-5219
4
    SEYFARTH SHAW LLP
5   Bradley D. Doucette (SBN 322611)
    bdoucette@seyfarth.com
6   400 Capitol Mall, Suite 2350
    Sacramento, California 95814-4428
7   Telephone:    (916) 448-0159
    Facsimile:    (916) 558-4839
8
9   Attorneys for Defendants
    THE AMERICAN BOTTLING COMPANY;
10  and KEURIG DR PEPPER INC.

11

12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14

15
    JOASH UALAT,                        Case No. _____   4:22-cv-4184
16
                Plaintiff,              **DEFENDANTS' NOTICE OF REMOVAL
17                                      OF CIVIL ACTION TO THE UNITED
          v.                            STATES DISTRICT COURT**
18
    THE AMERICAN BOTTLING COMPANY, a    **[28 U.S.C. §§ 1332, 1441, AND 1446]**
19  Delaware corporation; KEURIG DR. PEPPER
    INC., a Delaware corporation; and DOES 1-10,   [Alameda County Superior Court
20                                      Case No. 22CV012252
                Defendants.
21                                      Complaint Filed:   June 3, 2022

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page(s)**

I.   BACKGROUND .................................................................................................... 1

II.  TIMELINESS OF REMOVAL ............................................................................ 2

III. CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL ........................... 3

A.   Plaintiff And Defendants Are Minimally Diverse ................................. 4

1.   Plaintiff Is A Citizen Of California .......................................... 4

2.   Defendants Are Citizens Of Delaware, Massachusetts, and Texas ...................... 5

3.   The Citizenship of Doe Defendants Should be Disregarded ................................. 6

B.   The Amount In Controversy Is More Than $8.4 Million, Which Exceeds The $5 Million Statutory Threshold Under CAFA ...................... 6

1.   Plaintiff's Second Cause Of Action For Failure to Provide Overtime Wages: The Amount In Controversy Exceeds $490,000 Based On Only 10 Minutes Of Unpaid Overtime Per Employee Per Week ...................................... 12

2.   Plaintiff's Third Cause Of Action For Unpaid Meal Period Premiums: The Amount In Controversy Exceeds $3.9 Million Based On Only Two Hours Of Premium Pay Per Employee Per Pay Period ...................... 14

3.   Plaintiff's Fifth Cause Of Action For Non-Compliant Wage Statements: The Amount In Controversy Exceeds $2.2 Million ................................ 17

4.   Approximate Aggregate Amount In Controversy ................................ 17

5.   Attorneys' Fees ...................................................................... 18

IV.  SUPPLEMENTAL JURISDICTION ................................................................. 20

V.   VENUE .............................................................................................................. 21

VI.  NOTICE TO STATE COURT AND TO PLAINTIFF ..................................... 21

VII. PRAYER FOR REMOVAL .............................................................................. 21

**Federal Cases**

*Abrego v. Dow Chemical Co.*,
443 F.3d 676 (9th Cir. 2006) ................................................................6, 7

*Agredano v. Sw. Water Co.*,
2017 WL 2985395 (C.D. Cal. May 30, 2017) .......................................16

*Arias v. Residence Inn by Marriott*,
936 F.3d 920 (9th Cir. 2019) .....................................................8, 13, 19

*Armstrong v. Church of Scientology Int'l*,
243 F.3d 546 (9th Cir. 2000) ................................................................4

*Arreola v. The Finish Line*,
2014 WL 6982571 (N.D. Cal. Dec. 9, 2014) .......................................9

*Brady v. Mercedes-Benz USA, Inc.*,
243 F. Supp. 2d 1004 (N.D. Cal. 2002) ...............................................18

*Campbell v. Vitran Exp., Inc.*,
471 F. App'x 646 (9th Cir. 2012) ........................................................19

*Castanon v. Int'l Paper Co.*,
2016 WL 589853 (C.D. Cal. February 11, 2016) .................................5

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987).........................................................................9, 15

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413 (9th Cir. 2018) ...............................................................18

*Cicero v. DirecTV, Inc.*,
No. EDCV 07-1182, 2010 WL 2991486 (C.D. Cal. July 27, 2010).......19

*City of Clarksdale v. BellSouth Telecommunications, Inc.*,
428 F.3d 206 (5th Cir. 2005) ................................................................2

*Coleman v. Estes Express Lines, Inc.*,
730 F. Supp. 2d 1141 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines,
Inc.*, 631 F.3d 1010 (9th Cir. 2011)................................................10, 16

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81, 135 S.Ct. 547 (2014).......................................................8

*Davis v. HSBC Bank Nevada, N.A.*,
    557 F.3d 1026 (9th Cir. 2009) ........................................................................5

*Elliot v. Spherion Pac. Work, LLC*,
    572 F. Supp. 2d 1169 (C.D. Cal. 2008) aff'd, 368 F. App'x 761 (9th Cir. 2010)..................20

*Feao v. UFP Riverside, LLC*,
    2017 WL 2836207 (C.D. Cal. June 26, 2017) ........................................10

*Franke v. Anderson Merchandisers LLC*,
    2017 WL 3224656 (C.D. Cal. July 28, 2017) ........................................10

*Fristoe v. Reynolds Metals Co.*,
    615 F.2d 1209 (9th Cir. 1980) ........................................................................6

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
    899 F.3d 785 (9th Cir. 2018) ........................................................................18

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) ........................................................................18

*Gant v. ALDI, Inc.*,
    2020 WL 1329909 (C.D. Cal. March 20, 2020) ........................................13

*Geanta v. Compass Health, Inc.*,
    673 F. App'x 768 (9th Cir. 2017) ........................................................................21

*Guglielmino v. McKee Foods Corp.*,
    506 F.3d 696 (9th Cir. 2007) ........................................................................7, 9

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010)........................................................................5

*Jones v. Tween Brands, Inc.*,
    2014 WL 1607636 (C.D. Cal. Apr. 22, 2014) ........................................11

*Kantor v. Wellesley Galleries, Inc.*,
    704 F.2d 1088 (9th Cir. 1983) ........................................................................4

*Korn v. Polo Ralph Lauren Corp.*,
    536 F. Supp. 2d 1199 (E.D. Cal. 2008)........................................................................8

*Lew v. Moss*,
    797 F.2d 747 (9th Cir. 1986) ........................................................................4

*Longmire v. HMS Host USA, Inc.*,
    2012 WL 5928485 (S.D. Cal. Nov. 26, 2012) ........................................18

*Lopez v. Aerotek, Inc.*,
    2015 WL 2342558 (C.D. Cal. May 14, 2015) ........................................16

*Lucas v. Michael Kors (USA), Inc.*,
    2018 WL 2146403 (C.D. Cal. May 9, 2018) ....................................................19

*Lyon v. W.W. Grainger, Inc.*,
    2010 WL 1753194 (N.D. Cal. Apr. 29, 2010) ...........................................15

*Mejia v. DHL Express (USA), Inc.*,
    2015 WL 2452755 (C.D. Cal. May 21, 2015) ...........................................16

*Muniz v. Pilot Travel Ctrs. LLC*,
    2007 WL 1302504 (E.D. Cal. May 1, 2007) ..............................8, 9, 15, 18

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999) ...............................................................................2, 3

*Oda v. Gucci Am. Inc.*,
    2015 WL 93335 (C.D. Cal. Jan. 7, 2015) .................................................14

*Patel v. Nike Retail Servs., Inc.*,
    58 F. Supp. 3d 1032 (N.D. Cal. 2014) .....................................................13

*Powers v. Eichen*,
    229 F.3d 1249 (9th Cir. 2000) .................................................................19

*In re Quintas Secs. Litig.*,
    148 F. Supp. 2d 967 (N.D. Cal. 2001) .....................................................19

*Ramos v. Schenker, Inc.*,
    2018 WL 5779978 (C.D. Cal. Nov. 1, 2018) ...........................................19

*Ray v. Wells Fargo Bank, N.A.*,
    2011 WL 1790123 (C.D. Cal. May 9, 2011) ...........................................14

*Ritenour v. Carrington Mortg. Servs. LLC*,
    228 F. Supp. 3d. 1025 (C.D. Cal. 2017) ..................................................11

*Rodriguez v. AT&T Mobility Servs. LLC*,
    728 F.3d 975 (9th Cir. 2013) ...............................................................7, 9

*Sanchez v. Monumental Life Ins. Co.*,
    102 F.3d 398 (9th Cir. 1996) .....................................................................8

*Sanders v. Old Dominion Freight Line, Inc.*,
    2018 WL 6321628 (C.D. Cal. June 25, 2018) .........................................20

*Schiller v. David's Bridal, Inc.*,
    2010 WL 2793650 (E.D. Cal. July 14, 2010) .............................................8

*Soliman v. Philip Morris, Inc.*,
    311 F. 3d 966 (9th Cir. 2002) ....................................................................6

*Soratorio v. Tesoro Ref. and Mktg. Co., LLC,*
   2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) ................................................9, 10

*Standard Fire Ins. Co. v. Knowles,*
   568 U.S. 588 (2013).........................................................................................7

*Stanley v. Distribution Alternatives, Inc.,*
   2017 WL 6209822 (C.D. Cal. Dec. 7, 2017) ........................................................13

*State Farm Mut. Auto Ins. Co. v. Dyer,*
   19 F.3d 514 (10th Cir. 1994) ............................................................................4

*Torrez v. Freedom Mortg., Corp.,*
   2017 WL 2713400 (C.D. Cal. June 22, 2017) .....................................................10

*Valdez v. Allstate Ins. Co.,*
   372 F.3d 1115 (9th Cir. 2004) ......................................................................8, 9

*Wheatley v. MasterBrand Cabinets,*
   2019 WL 688209 (C.D. Cal. Feb. 19, 2019).........................................9, 13, 16, 19

*Wren v. RGIS Inventory Specialists,*
   No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011), supplemented,
   No. C-06-05778 JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011) ....................19

*Zackaria v. Wal-Mart Stores, Inc.,*
   142 F. Supp. 3d 949 (C.D. Cal. 2015) ..............................................................20

*Zavala v. Deutsche Bank Trust Co. Americas,*
   2013 WL 3474760 (N.D. Cal. July 10, 2013)........................................................4

**State Cases**

*Aleksick v. 7-Eleven, Inc.,*
   205 Cal. App. 4th 1176, 140 Cal. Rptr. 3d 796 (2012)........................................20

*Caliber Bodyworks, Inc. v. Sup. Ct.,*
   134 Cal. App. 4th 365 (2005) ..........................................................................17

*CelTech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
   20 Cal. 4th 163 (1999) ...................................................................................21

*Falk v. Children's Hosp. Los Angeles,*
   237 Cal. App. 4th 1454 (2015) ...................................................................13, 15

*Murphy v. Kenneth Cole Prods., Inc.,*
   40 Cal. 4th 1094 (2007) .................................................................................15

*Price v. Starbucks Corp.,*
   192 Cal. App. 4th 1136 (2011) ........................................................................20

**Federal Statutes**

28 U.S.C. 1332(c)(1) ........................................................................................................5

28 U.S.C. § 84(a) ...........................................................................................................21

28 U.S.C. § 1332 .............................................................................................................6

28 U.S.C. § 1332(c)(1) .....................................................................................................6

28 U.S.C. §§ 1332(c), 1332(d)(2), 1441(a), 1446, and 1453 .........................................1

28 U.S.C. §§ 1332(c), (d)(2) ...........................................................................................1

28 U.S.C. § 1332(d)(2) ...........................................................................................3, 6, 20

28 U.S.C. § 1332(d)(2)(A) ...............................................................................................4

28 U.S.C. §§ 1332(d)(2) & (d)(6) ....................................................................................4

28 U.S.C. § 1332(d)(5)(B) ...............................................................................................4

28 U.S.C. § 1332(d)(6) .....................................................................................................6

28 U.S.C. § 1367(a) ........................................................................................................21

28 U.S.C. §§ 1391(a), 1441, and 84(a) ..........................................................................21

28 U.S.C. § 1441(a) ............................................................................................3, 6, 20, 21

28 U.S.C. §§ 1446 ............................................................................................................2

28 U.S.C. § 1446(b) ......................................................................................................2, 3

28 U.S.C. § 1446(d) ........................................................................................................21

CLASS ACTION FAIRNESS ACT ...................................................................... *passim*

Class Action Fairness Act of 2005 ...................................................................................1

Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. §
1446(c)(2) (emphasis added)) .......................................................................................7

**State Statutes**

Business and Professions Code § 17200 ...................................................................13, 15

Cal. Bus. & Prof. Code § 17208 ......................................................................................3

Cal. Civ. Proc. Code § 338 .............................................................................................13

Cal. Civ. Proc. Code § 340(a) ..................................................................................17

Cal. Code Civ. Proc. § 415.10 ...............................................................................2, 3

Cal. Lab. Code § 512 ..............................................................................................14

California Business and Professions Code § 17200 *et seq.* ...................................15

California Business and Professions Code .............................................................20

California Labor Code .........................................................................................8, 20

California Labor Code § 226.7 ..........................................................................14, 15

California Labor Code §§ 510 and 1194................................................................13

California's Unfair Competition Law ......................................................................3

California Unfair Competition Law . (Ex. D, Amended Complaint, ¶¶61-68.) .............3

Labor Code.........................................................................................................13, 20

Labor Code § 204 .................................................................................................12

Labor Code § 226 .................................................................................................17

Labor Code § 226(a) .............................................................................................17

Labor Code § 226(e) .............................................................................................17

Labor Code § 510.................................................................................................12

Penalties under the Private Attorneys General Act . (Ex. D, Amended Complaint, ¶¶ 25-75.) ........................................................................................................................3

Private Attorneys General Act .....................................................................1, 11, 18, 20

UCL....................................................................................................................3, 20, 21

**Regulations**

Senate Judiciary Committee Report, S. Rep. No. 109-14...........................................6

**Other Authorities**

2005 U.S.C.C.A.N. 3 .................................................................................................7

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF, JOASH UALAT, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants The American Bottling Company ("ABC"), and Keurig Dr Pepper Inc. ("KDP") (collectively "Defendants") file this Notice of Removal, pursuant to 28 U.S.C. §§ 1332(c), 1332(d)(2), 1441(a), 1446, and 1453, to effectuate the removal of the above-captioned action from the Superior Court for the County of Alameda to the United States District Court for the Northern District of California.

This Court has original jurisdiction under 28 U.S.C. §§ 1332(c), (d)(2)—the Class Action Fairness Act of 2005 ("CAFA"). Removal is proper for the following reasons:

**I.      BACKGROUND**

1.      On June 3, 2022, Plaintiff Joash Ualat ("Plaintiff") filed a class action complaint for damages and injunctive relief in the Superior Court of California for the County of Alameda, entitled "Joash Ualat, *on behalf of himself and others similarly situated, v. THE AMERICAN BOTTLING COMPANY, a Delaware corporation; KEURIG DR PEPPER INC., a Delaware corporation; and DOES 1 to 10,"* Case No. 22CV012252 ("Complaint").

2.      On June 16, 2022, Defendants' registered agent for service of process in California received, via process server and for each Defendant separately, the Summons, Complaint, Civil Case Cover Sheet, ADR Information Package, and Notice of Department Assignment. A true and correct copy of the packets received by Defendants is attached hereto as **Exhibit A**. A true and correct copy of the Service of Process Notification from CT Corporation System is attached hereto as **Exhibit B**.

3.      On June 27, 2022, Plaintiff filed a Complex Case Determination Statement in this matter in which it indicated it intended on filing a First Amended Complaint alleging violations of the Private Attorneys General Act ("PAGA"). A true and correct copy of the Complex Case Determination Statement is attached hereto as **Exhibit C**.

4.      On June 28, 2022, Plaintiff filed an amended class action complaint for damages and injunctive relief in the same Superior Court and entitled the same case name ("Amended Complaint"). This Amended Complaint is the operative pleading in the matter. A true and correct copy of the Amended Complaint is attached hereto as **Exhibit D**.

1

5.     On June 28, 2022, Defendants' registered agent for service of process in California received, via non-traceable mail and for each Defendant separately, the Amended Complaint.  A true and correct copy of the Service of Process Notification from CT Corporation System is attached hereto as **Exhibit E.**

6.     On July 18, 2022, Defendants filed their Answer to the Amended Complaint in the Superior Court of California, County of Alameda.  A true and correct copy of the Answer is attached hereto as **Exhibit F**.  Defendants have not filed any other pleadings or papers in this action prior to this Notice of Removal.

7.     Defendants have not filed or received any other pleadings or papers, other than the pleadings described as Exhibits A through F, in this action prior to this Notice of Removal.

## II.     TIMELINESS OF REMOVAL

8.     The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

9.     The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

10.     This Notice of Removal is timely because it is filed within thirty (30) days of service of the initial Complaint, by personal service on Defendants' agent for service of process, on June 16, 2022. (Ex. B.) Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."); 28 U.S.C. § 1446(b). Thirty (30) days from the service

84802367v.4

of the Complaint on Defendants on June 16, 2022 is Saturday, July 16, 2022. The next court day is July 18, 2022.

11.     Defendants' 30-day time limit to remove is triggered by Plaintiff's service of the Summons and the Complaint on June 16, 2022. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"). This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on June 16, 2022. 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10.

12.      Plaintiff asserted six causes of action in his Complaint against Defendants: (1) Failure to Pay Minimum Wages; (2) Failure to Provide Overtime Wages; (3) Failure to Provide Off-Duty Meal Periods; (4) Failure to Reimburse Business Expenses; (5) Failure to Provide Adequate Wage Statements; and, (6) Unfair Competition and Unlawful Business Practices. (Ex. A, Complaint, ¶¶ 24-67.) Plaintiff asserts the same six causes of action in his Amended Complaint, plus an additional seventh (7) cause of action for Penalties under the Private Attorneys General Act ("PAGA"). (Ex. D, Amended Complaint, ¶¶ 25-75.)

13.     Plaintiff seeks to certify a class of "current and former merchandisers employed by Defendants in the State of California" at any time during the Class Period, which is defined as "the period beginning four years prior to the filing of this Complaint to the present." (Ex. D, Amended Complaint, ¶¶ 2 and 8.)

14.     Plaintiff's Sixth Cause of Action is based on an alleged "Violation of California's Unfair Competition Law," specifically the California Unfair Competition Law ("UCL"). (Ex. D, Amended Complaint, ¶¶61-68.) The statute of limitations on Plaintiff's Sixth Cause of Action for UCL is four years. *See* Cal. Bus. & Prof. Code § 17208.

15.     Accordingly, for purposes of the calculations in this Notice of Removal, the relevant time period starting "four years prior to the filing of this Complaint" is from **June 3, 2018** until the present.

**III.     CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL**

16.     This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. Section 1332(d)(2). As set forth below, this action is properly removable, pursuant to 28

3

U.S.C. Section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the aggregate number of putative class members is greater than 100, as is required by CAFA. 28 U.S.C. § 1332(d)(5)(B); Declaration of John Tynan in Support of Defendants' Notice of Removal ("Tynan Decl."), ¶ 8 (from June 3, 2018 to June 30, 2022, there were, and currently are, at least 1,719 current or former non-exempt employees who were employed by ABC as "merchandisers").

### A. Plaintiff And Defendants Are Minimally Diverse

17. CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A). In the instant case, Plaintiff is a citizen of a state (California) that is different from the state of citizenship of Defendants (which are citizens of Delaware).

### 1. Plaintiff Is A Citizen Of California

18. For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state"). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes"). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

19. Plaintiff alleges that he has been employed in the State of California during the defined Class Period and performed work for Defendants throughout the State of California. (Ex. D, Amended

<div style="text-align:center">4</div>

Complaint, ¶ 8.)  In his employment files, Plaintiff listed his home address as being in Antioch, California.  (Tynan Decl., ¶ 4.)  Plaintiff's intent to remain domiciled in California is further evident from the fact that he brought his lawsuit against Defendants in Alameda County Superior Court.  Accordingly, Plaintiff is a citizen of California.

### 2. Defendants Are Citizens Of Delaware, Massachusetts, and Texas

20.     Defendants are not now, nor were at the time this action commenced, citizens of the State of California.  Rather, they are and were citizens of Delaware, Massachusetts, and Texas.  (Tynan Decl., ¶¶ 6-7.)  For diversity purposes, a "corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)); *Castanon v. Int'l Paper Co.*, 2016 WL 589853, at *2 (C.D. Cal. February 11, 2016).  Under the "nerve center" test, the principal place of business is the state where the "officers direct, control, and coordinate" the corporation's activities and where the corporation maintains its headquarters:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'  **And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'**

*Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

21.     Defendants are both incorporated under the laws of the State of Delaware.  (Tynan Decl., ¶ 5.)

22.     KDP's principal place of business and headquarters are in both Burlington, Massachusetts and Frisco, Texas.  (Tynan Decl., ¶ 6.)  KDP's high-level officers direct, control, and coordinate corporate activities from these dual headquarters.  (*Id.*)  Additionally, the majority of KDP's executive and administrative functions are directed from Massachusetts and Texas, including corporate finance, accounting, purchasing, marketing, and information systems.  (*Id.*)  Accordingly, KDP was at the time this action was commenced, and remains today, a citizen of the States of Delaware, Texas, and

84802367v.4

Massachusetts within the meaning of 28 U.S.C. section 1332(c)(1), and not a citizen of the State of California.

23.     ABC's principal place of business and headquarters is in Frisco, Texas.  (Tynan Decl., ¶ 7.)  ABC's high-level officers direct, control, and coordinate corporate activities from Frisco, Texas.  (*Id.*)  Additionally, the majority of ABC's executive and administrative functions are directed from Texas, including corporate finance, accounting, purchasing, marketing, and information systems.  (*Id.*)  Accordingly, ABC was at the time this action was commenced, and remains today, a citizen of the States of Delaware and Texas within the meaning of 28 U.S.C. section 1332(c)(1), and not a citizen of the State of California.

**3.     The Citizenship of Doe Defendants Should be Disregarded**

24.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").  Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for removal.  Thus, the existence of "DOES 1-10" in the Complaint and Amended Complaint does not deprive this Court of jurisdiction.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal).

**B.     The Amount In Controversy Is More Than $8.4 Million, Which Exceeds The $5 Million Statutory Threshold Under CAFA**

25.     CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42

84802367v.4

(2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  *Id*. at 42-43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

26.  **Preponderance Of The Evidence Standard.**  Plaintiff's Complaint and Amended Complaint do not allege the amount in controversy for the class he purports to represent, other than that he is "informed and believes, and thereon alleges, that Plaintiff's and similarly stated merchandisers' monetary claims total less than $75,000.00 per person."  (Ex. A, Complaint, and Ex. D, Amended Complaint, ¶ 7.)  Where a complaint does not allege a specific amount in damages, the removing defendant then bears the burden of proving by a ***preponderance of the evidence*** that the amount in controversy exceeds the statutory minimum.  In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.  *Accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

27.  In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the *preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)."  Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently

7

specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant").  The defendant must show that it is "more likely than not" that the jurisdictional threshold is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000.  Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

28.     To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases.  First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite ... amount'") (emphasis added).

29.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

30.     It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged."  *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

31.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

32.     **The Court Should Assume A 100% Violation Rate Based On Plaintiff's Class-Wide Allegations.**  If a plaintiff asserts statutory violations, the court should assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not.

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of the alleged violations … Plaintiff does not allege that some putative class members were subject to distinct policies.  The Court therefore finds the assumption that uniform … policies were applied to **all** putative class members reasonable") (emphasis added); *Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendant's 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v.*

9

*The Finish Line*, 2014 WL 6982571, *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

33.     Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate. *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio, LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of

10

failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d. 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

34.    The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.  Plaintiff seeks to certify a class of "current and former merchandisers employed by Defendants in the State of California" at any time during the Class Period, which is defined as "the period beginning four years prior to the filing of this Complaint to the present."  (Ex. D, Amended Complaint, ¶¶ 2 and 8.)  Given that Plaintiff's Complaint was filed on June 3, 2022, for purposes of the calculations in this Notice of Removal the "relevant time period" is from **June 3, 2018 until the present**.

35.    During the relevant time period identified in the Complaint, ABC employed approximately 1,719 non-exempt merchandisers in California, who worked a total of approximately 109,240 workweeks.  (Tynan Decl., ¶¶ 8, 10.)  The average rate of pay for non-exempt "merchandisers" in California during the relevant time period was approximately $18.17 per hour.  (Tynan Decl., ¶ 9.)

36.    Plaintiff seeks to recover, on behalf of himself and the alleged class, unpaid wages and penalties for Defendants' alleged failure to pay minimum and overtime wages, failure to pay all wages due during employment, failure to provide meal period premiums, failure to provide accurate and complete itemized wage statements, unreimbursed business expenses, failure to maintain accurate employment records, and unfair business practices.  (*See* Ex. D, Amended Complaint.)  Plaintiff also seeks civil penalties under PAGA (Ex. D., Amended Complaint, ¶¶ 69-75), and attorneys' fees and costs.  (Ex. D, Amended Complaint, Prayer for Relief.)

37.    As set forth below, the alleged amount in controversy implicated by the class-wide allegations exceeds $5,000,000.  **All calculations supporting the amount in controversy are based on Plaintiff's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established.**

11

84802367v.4

38.     The calculations below show that the alleged amount in controversy exceeds $5,000,000, when considering non-exempt merchandisers in California, such as Plaintiff, and when considering *less-than half* of the causes of action alleged by Plaintiff.

1.     **Plaintiff's Second Cause Of Action For Failure to Provide Overtime Wages: The Amount In Controversy Exceeds $490,000 Based On Only 10 Minutes Of Unpaid Overtime Per Employee Per Week**

39.     Plaintiff's Second Cause of Action seeks recovery for "regularly fail[ing] to compensate Plaintiff and similarly situated merchandisers at the overtime rate for hours worked in excess of eight (8) hours per day and forty (40) hours per week." (Ex. D, Amended Complaint, ¶¶ 33-40.) In the Prayer For Relief, Plaintiff further seeks an award of unpaid overtime wages. (Ex. D, Amended Complaint, Prayer for Relief, ¶ o.)

40.     Plaintiff alleges that "Defendants violated Labor Code section 510 and the applicable wage order by subjecting merchandisers to employer control, or knowingly suffering or permitting merchandisers to work, in excess of the statutory overtime thresholds, without paying the applicable premium rate." (Ex. D, Amended Complaint, ¶ 35.) Plaintiff further alleges that "Defendants failed to compensate Plaintiff and similarly situated merchandisers for all time worked, rendering Defendants' overtime calculations erroneous." (Ex. D, Amended Complaint, ¶ 38.)

41.     Plaintiff also alleges that "Plaintiff and similarly situated merchandisers are entitled to overtime wages at the applicable premium rate as a result of Defendants' practice of not compensating Plaintiff and similarly situated merchandisers at the required overtime rate. Defendants failed to pay overtime wages when due, as required by Labor Code section 204, and have not paid overtime wages to date." (Ex. D, Amended Complaint, ¶ 39.)

42.     Based on Plaintiff's allegations, potential class members were "regularly" required to work overtime hours without pay or premium pay at the overtime rate. (Ex. D, Amended Complaint, ¶ 34 ("Defendants regularly failed to compensate Plaintiff and similarly situated merchandisers at the overtime rate for hours worked in excess of eight (8) hours per day and forth (40) hours per week.").) Even assuming each potential class member worked off the clock for two minutes each day, that means each employee would incur ten minutes of off-the-clock work for a five-day workweek.

12

43. The statute of limitations for recovery for unpaid wages under California Labor Code §§ 510 and 1194 is three years. Cal. Civ. Proc. Code § 338. The limitations period is extended to four years when a plaintiff also seeks restitution for the Labor Code violations. *Falk v. Children's Hosp. Los Angeles*, 237 Cal. App. 4th 1454, 1462, n.12 (2015) ("actions for restitution and under Business and Professions Code section 17200 are subject to a four-year statute of limitation"). Accordingly, the proposed class period for the third cause of action is from June 3, 2018 until the present.

44. As stated above, during the relevant time period identified in the action, Defendants employed approximately 1,719 non-exempt hourly merchandisers in California, who worked a total of approximately 109,240 workweeks. (Tynan Decl., ¶ 9.) The average hourly rate for these non-exempt hourly merchandisers in California during the relevant time period is $18.17 per hour, and is the hourly rate used for all calculations in this Notice of Removal. (*Id*. at ¶ 10.)

45. Accordingly, a reasonable estimate of the amount in controversy for Plaintiff's unpaid overtime claim, at 10 minutes of unpaid overtime each week, is **$496,222.70** [($18.17 /hour x 1.5 (overtime premium) ÷ 6 (10 minutes per week) x 109,240 workweeks)].

46. Although Defendants deny Plaintiff's allegations, these are very conservative estimations for purposes of calculating the amount in controversy under CAFA removal. Indeed, the Ninth Circuit and numerous district courts have held, an estimate of at least 30 minutes per class member per week (i.e., three times Defendants' assumption) is appropriate in light of Plaintiff's allegations. *See, e.g.*, *Arias*, 936 F.3d at 927 (holding that "Marriott's assumptions are plausible" where it assumed "30 minutes of unpaid overtime per week"); *Gant v. ALDI, Inc.*, 2020 WL 1329909, at *5 (C.D. Cal. March 20, 2020) ("For the unpaid overtime claim, Defendants used a violation rate of one hour of unpaid overtime per week. This assumption is reasonable in light of the Complaint, whose allegations lack specificity"); *Wheatley*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) (finding an estimate of one hour per class member per week appropriate where Plaintiff alleged a "a pattern and practice" of overtime violations); *Stanley v. Distribution Alternatives, Inc.*, 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (denying motion to remand where, "[f]or the at-controversy overtime wages, [defendant] assumes that each of the class members worked two hours of overtime each week during the class peri-od"); *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014) (finding appropriate

the assumption that each class member is owed one hour of overtime compensation per week where the complaint alleged overtime violations occurred "regularly"); *Oda v. Gucci Am. Inc.*, 2015 WL 93335 at *4 (C.D. Cal. Jan. 7, 2015) (finding reasonable an assumed violation rate of one hour of overtime per week where the plaintiffs' asserted the defendant "sometimes" failed to pay over-time); *Ray v. Wells Fargo Bank, N.A.,* 2011 WL 1790123, at *7 (C.D. Cal. May 9, 2011) (finding reasonable the defendant's estimate of one hour of unpaid overtime per week for each class member where the complaint alleged "consistent" unpaid overtime work).

> **2. Plaintiff's Third Cause Of Action For Unpaid Meal Period Premiums: The Amount In Controversy Exceeds $3.9 Million Based On Only Two Hours Of Premium Pay Per Employee Per Pay Period**

47. Plaintiff seeks payments for alleged denial of or missed meal. (Ex. D, Amended Complaint, ¶¶ 42-48.) Plaintiff alleges that "Plaintiff and merchandisers have regularly worked in excess of five (5) hours a day and ten (10) hours a day, without being provided at least a thirty (30) minute meal period in which they were relieved of all duties." (Ex. D, Amended Complaint, ¶ 43.) Plaintiff claims that "Defendants regularly failed to provide a 30 minute off-duty meal periods to Plaintiff and similarly situated merchandisers who worked more than five hours in a day. Additionally, Defendants also regularly failed to provide a second 30-minute period to Plaintiff and similarly situated merchandisers who worked more than 10 hours in a day." (Ex. D, Amended Complaint, ¶ 44.)

48. Plaintiff claims that "[b]ecause Defendants failed to provide meal periods, Defendants are liable to Plaintiff and similarly situated merchandisers for one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided." (Ex. D, Amended Complaint, ¶ 45.)

49. California law provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ." Cal. Lab. Code § 512. Section 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ." California Labor Code § 226.7 requires employers to pay an extra hour's pay to employees who are not provided full or timely meal periods.

84802367v.4

An employee is entitled to an additional hour's wages per day for a meal period violation each day. *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting that California Labor Code § 226.7 provides recovery for one meal break violation per work day).

50.     The statute of limitations for recovery for meal period premium pay under California Labor Code § 226.7 is three years. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations."). The statute of limitations is extended to four years when a plaintiff also pursues an action for restitution under the California Business and Professions Code § 17200 *et seq. See Falk*, 237 Cal. App. 4th at 1462, n.12 (holding that "actions for restitution and under Business and Professions Code section 17200 are subject to a four-year statute of limitation"). Although it is unclear whether meal period premiums are restitution under California law, Defendant will assume for purposes of removal that the proposed class period for the third cause of action is from June 3, 2018 until the present.

51.     Plaintiff is silent as to the amount of alleged meal periods he claims to have been denied, thereby precluding precise estimates of the amount in controversy. Because Plaintiff alleges that Defendants **regularly** failed to provide the putative class with all meal periods, the Amended Complaint arguably contemplates a 100% violation rate for the meal period claims. *See* Ex. D, Amended Complaint, ¶ 43 ("Plaintiff and merchandisers have **regularly** worked in excess of five (5) hours a day and ten (10) hours a day, without being provided at least a thirty (30) minute meal period in which they were relieved of all duties ….") (emphasis added). Accordingly, a 100% violation rate can properly be assumed for purposes of calculating the amount in controversy of Plaintiff's meal claims. *See Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc.*, 482 U.S. at 392 (finding a 100 percent violation rate appropriate when "plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%").

52.     While Defendants are entitled to assume a 100% violation rate (*i.e.*, at least five missed meal periods per workweek) based on the allegations, Defendants will conservatively assume that putative class members were not provided **two meal periods each workweek**. Where Plaintiff has alleged a policy and practice of meal period violations, it is reasonable to assume that there at least two

15

meal periods each week for every employee. Indeed, District Courts have consistently upheld even higher assumptions of meal period violations as plausible for purposes of determining the amount in controversy. *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding an estimate of five meal period violations per week reasonable where Plaintiff alleged a "a policy and practice" of meal period violations); *Agredano v. Sw. Water Co.*, 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) ("Plaintiff further alleges that Defendants 'routinely' and 'consistently' failed to provide him and the putative class members with the required 30–minute lunch break periods. Plaintiff does not limit the number of violations alleged in his Complaint, nor has he offered any evidence that he or other putative class members missed fewer than five legally required meal breaks per week. Thus, the Court finds that 'Plaintiff's own complaint alleges universal violations of meal ... period laws' such that Defendants' 'use of a 100% violation rate [five missed meal periods] is proper.'"); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding an estimate of five missed rest periods a week reasonable where plaintiff alleged that defendant maintained "policies, practices and procedures that caused the purported violations. . ."); *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, at *2 (C.D. Cal. May 14, 2015) (finding defendant's estimate of five meal period violations was reasonable); *Coleman v. Estes Express Lines*, Inc., 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate," i.e., five missed meal periods per week).

53. As stated above, during the relevant time period identified in the Amended Complaint, Defendants employed approximately 1,719 non-exempt hourly merchandisers in California, who worked a total of approximately 109,240 workweeks. (Tynan Decl., ¶¶ 8, 10.) The average hourly rate of pay for merchandisers in California during the relevant time period is approximately $18.17. (Tynan Decl., ¶ 9.)

54. Although Defendants deny that Plaintiff (or any putative class member) is entitled to any meal period premium payments, assuming **just two meal period violations per week** for each putative class member, the amount in controversy for the meal period claim alone would be approximately $1,984,890.80 [(109,240 workweeks) × ($18.17 per hour) × (2 premium payment per week)].

84802367v.4

Accordingly, the amount in controversy on Plaintiff's meal period claims when assuming just one meal and violation per week is approximately **$3,969,781.60.**

### 3. Plaintiff's Fifth Cause Of Action For Non-Compliant Wage Statements: The Amount In Controversy Exceeds $2.2 Million

55.     Plaintiff's Amended Complaint alleges that "Defendants knowingly and intentionally failed to furnish Plaintiff and similarly situated merchandisers with timely, accurate, itemized statements showing the actual total hours worked, the applicable hourly rate, and wages earned by each of them as required by Labor Code section 226(a)."  (Ex. D, Amended Complaint, ¶ 57.)  Based on this alleged violation, Plaintiff claims that "Plaintiff and similarly situated merchandisers were damaged by this failure" and "Defendants are liable to Plaintiff and similarly situated merchandisers for the amounts provided by Labor Code section 226(e)."  (Ex. D, Amended Complaint, ¶¶ 58-59.)

56.     Labor Code § 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  The statute of limitations for recovery of penalties under Labor Code § 226 is one year. *Caliber Bodyworks, Inc. v. Sup. Ct*., 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a). Plaintiff filed his Complaint on June 3, 2022.  Therefore, the statutory period for a claim under California Labor Code § 226 runs from June 3, 2021 to the present.

57.     Most non-exempt employees are paid weekly.  (Tynan Decl., ¶ 12.)

58.     During the period starting June 3, 2021, there were approximately 863 hourly, non-exempt merchandisers who worked for Defendants, who worked approximately 29,645 pay periods during this time period.  (Tynan Decl., ¶ 12.)  Providing a cap of $4,000 in penalties for any individual non-exempt merchandiser, the amount in controversy for Plaintiff's wage statement claim is **$2,295,700**. (*Id*.)

### 4. Approximate Aggregate Amount In Controversy

59.     Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for all asserted claims, exclusive of attorneys' fees, is approximately **$6,761,704.30**, calculated as follows:

84802367v.4

| | |
|---|---|
| **$496,222.70** | Overtime Penalties |
| **$3,969,781.60** | Meal Period Penalties |
| **$2,295,700** | Wage Statement Penalties |

60.     The figures above do not take into account Plaintiff's claim for unpaid minimum wages, unreimbursed business expenses, unlawful business practices, PAGA penalties, or attorneys' fees and costs.

### 5.     Attorneys' Fees

61.     Plaintiff also seeks attorneys' fees.  (Ex. D, Amended Complaint, Prayer for Relief.) Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy").

62.     A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady*, 243 F. Supp. 2d at 1010-11); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

63.     In recent decisions, the Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal – for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in

84802367v.4

controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

64.     Indeed, the Ninth Circuit again recently explicitly confirmed that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases." *Arias*, 936 F.3d at 922.

65.     In the class action context, courts have found that 25% of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011), supplemented, No. C-06-05778 JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486, at *1 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund). Even under the conservative benchmark of 25% of the total amount in controversy for Plaintiff's claims, attorneys' fees alone would be upward of **$1,690,426.08** in this case [$6,781,704.30 amount in controversy × 0.25].

84802367v.4

66.     Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a conservative estimate based on those allegations, the total amount in controversy is at least **$8,452,130.38**, including attorneys' fees. This total amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

67.     Accordingly, because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

## IV.     SUPPLEMENTAL JURISDICTION

68.     Plaintiff asserts the remainder of his claims under the California Labor Code, the California Business and Professions Code, and California's PAGA statute, which arise from the "same case and controversy" as the claims forming the basis for the Court's jurisdiction under CAFA.  Plaintiff alleges that Defendant failed to maintain accurate records, failed to pay all wages when due, violated the PAGA statute, and engaged in unfair business practices.

69.     Indeed, Plaintiff's claims under PAGA and the California Business and Professions Code also arise from the "same case and controversy" as the claims that form the basis for the Court's jurisdiction under CAFA, because these claims rise and fall with the underlying California Labor Code claims.  *See, e.g., Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949, 958 (C.D. Cal. 2015) ("A plaintiff pursuing a representative PAGA action must prove the alleged underlying Labor Code violations (i) first, as to him or herself, and (ii) second, as to all . . . aggrieved employees for which a penalty also is sought."); *Elliot v. Spherion Pac. Work, LLC*, 572 F. Supp. 2d 1169, 1182 (C.D. Cal. 2008) ("Plaintiff's claim under the Private Attorneys General Act is wholly dependent upon her other claims" and "[b]ecause all of Plaintiff's other claims fail as a matter of law, so does her PAGA claim") aff'd, 368 F. App'x 761 (9th Cir. 2010); *Sanders v. Old Dominion Freight Line, Inc.*, 2018 WL 6321628, at *4 (C.D. Cal. June 25, 2018) ("Plaintiffs' PAGA claim rises or falls with their other claims"); *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) ("Because the underlying causes of action fail, the derivative UCL and PAGA claims also fail."); *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176,

1185, 140 Cal. Rptr. 3d 796, 801 (2012) ("When a statutory claim fails, a derivative UCL claim also fails.") (citing *CelTech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (1999)).

70.     Therefore, the remaining claims are part of the "same case and controversy" as the claims that form the basis for the Court's jurisdiction under CAFA.  Accordingly, this Court has supplemental jurisdiction over Plaintiff's claims under California law pursuant to 28 U.S.C. § 1367(a).  *See Geanta v. Compass Health, Inc.*, 673 F. App'x 768, 769 (9th Cir. 2017) (reversing dismissal of related state law claims on grounds that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

## V.     VENUE

71.     Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(a).  This action originally was brought in Alameda County Superior Court of the State of California, which is located within the Northern District of California.  28 U.S.C. § 84(a).  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI.     NOTICE TO STATE COURT AND TO PLAINTIFF

72.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Alameda County Superior Court of the State of California as required under 28 U.S.C. § 1446(d).

## VII.     PRAYER FOR REMOVAL

73.     WHEREFORE, Defendants pray that this civil action be removed from Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.

84802367v.4

DATED: July 18, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Daniel Whang

Daniel C. Whang
Bradley D. Doucette
Attorneys for Defendants The American
Bottling Company and Keurig Dr Pepper Inc.

84802367v.4

# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE AMERICAN BOTTLING COMPANY, a Delaware corporation,
KEURIG DR. PEPPER, INC., a Delaware corporation, and DOES 1
through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOASH UALAT, on behalf of himself and others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**06/03/2022**
Chad Finke, Executive Officer / Clerk of the Court
By: _____ C. Clark _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

1225 Fallon Street
Oakland CA 94612

**CASE NUMBER:**
*(Número del Caso):*
**22CV012252**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hunter Pyle, Hunter Pyle Law, 505 14th Street, Suite 600, Oakland CA 94612; 510-444-4400

Chad Finke, Executive Officer / Clerk of the Court

**DATE:**
*(Fecha)* 06/03/2022

Clerk, by _____ C. Clark _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* THE AMERICAN BOTTLING COMPANY, a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)
   ☐ CCP 416.20 (defunct corporation)
   ☐ CCP 416.40 (association or partnership)
   ☐ other *(specify):*

   ☐ CCP 416.60 (minor)
   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.90 (authorized person)

4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**HUNTER PYLE, SBN 191125**
**NATALIA RAMIREZ LEE, SBN 322017**
HUNTER PYLE LAW
505 14th Street, Suite 600
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Email(s): hunter@hunterpylelaw.com;
 nramirezlee@hunterpylelaw.com

*Attorneys for Plaintiff and the Putative Classes*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
06/03/2022 at 05:34:31 PM
By: Cheryl Clark, Deputy Clerk

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOASH UALAT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE AMERICAN BOTTLING COMPANY, a Delaware corporation, KEURIG DR. PEPPER, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **22CV012252**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **FAILURE TO PAY MINIMUM WAGES** (Labor Code §§ 226.2; 1182.11-1182.13, 1194, 1194.2, 1197 & 1198; IWC Wage Order No. 1);<br>2. **FAILURE TO PROVIDE OVERTIME WAGES** (Labor Code §§ 226.7 & 512; IWC Wage Order No. 1);<br>3. **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS** (Labor Code §§ 226.7, 512, IWC Wage Order No. 1);<br>4. **FAILURE TO REIMBURSE BUSINESS EXPENSES** (Labor Code § 2802);<br>5. **FAILURE TO PROVIDE ADEQUATE WAGE STATEMENTS** (Labor Code § 226, IWC Wage Order No. 1);<br>6. **UNLAWFUL BUSINESS PRACTICES** (Business & Professions Code §§ 17200, *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

# I.   INTRODUCTION

1.   This is a class action under Code of Civil Procedure section 382, brought by Plaintiff JOASH UALAT ("Plaintiff") against Defendants THE AMERICAN BOTTLING COMPANY and KEURIG DR. PEPPER, INC. ("Defendants").

2.   Plaintiff seeks to represent a class of current and former merchandisers employed by Defendants in the State of California (hereinafter "the Class").

3.   Plaintiff and similarly situated merchandisers ensure that the shelves of clients' retail stores are stocked with Defendants' beverage products and display them according to company standards. Merchandisers also track inventory levels, report any issues or shortages to management and clean up unwanted items.

4.   This action seeks relief from Defendants' unlawful wage and hour policies and practices, including failing to pay the minimum wage for all hours worked; provide off-duty meal periods or meal premiums in lieu of meal periods; reimburse business expenses; and provide adequate wage statements.

# II.   VENUE AND JURISDICTION

5.   Venue is proper in this judicial district pursuant to Code of Civil Procedure section 395(a). Defendants transact business and operate a warehouse in Alameda County, California. Defendants employ or have employed Plaintiff and Merchandisers in Alameda County. The unlawful acts alleged herein have occurred in and have a direct effect on Plaintiff and those similarly situated merchandisers within the State of California and Alameda County.

6.   This Court has jurisdiction over this class action pursuant to Article 6, section 10 of the California Constitution and California Code of Civil Procedure section 410.10.

7.   Plaintiff is informed and believes, and thereon alleges, that Plaintiff's and similarly situated merchandisers' monetary claims total less than $75,000.00 per person.

### III. PARTIES

**A. PLAINTIFF**

8. Plaintiff has been employed as a Merchandiser by Defendants in California during the period beginning four years prior to the filing of this Complaint to the present (the "Class Period").

9. Plaintiff has worked for Defendants from approximately December 2020 to the present. Plaintiff has performed work for Defendants throughout California, including in Alameda County and other San Francisco Bay Area locations.

**B. DEFENDANTS**

10. Defendant AMERICAN BOTTLING is a Delaware corporation, headquartered in Texas. Defendant AMERICAN BOTTLING conducts business in the State of California and the County of Alameda. Defendant AMERICAN BOTTLING is and at all times relevant herein, has been an employer covered by the Labor Code and Wage Order No. 1. As an employer of Plaintiff and Merchandisers throughout the relevant time period hereto, Defendant is liable for the economic damages, including statutory penalties, owed to Plaintiff and Merchandisers under common law and by statute.

11. Defendant KEURIG DR. PEPPER, INC. is a Delaware corporation, headquartered in Texas. Defendant KEURIG DR. PEPPER, INC. conducts business in the State of California and the County of Alameda. Defendant KEURIG DR. PEPPER, INC. is and at all times relevant herein, has been an employer covered by the Labor Code and Wage Order No. 1. As an employer of Plaintiff and Merchandisers throughout the relevant time period hereto, Defendant is liable for the economic damages, including statutory penalties, owed to Plaintiff and Merchandisers under common law and by statute.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the

- 2 -

1    Defendants designated herein as a DOE are legally responsible in some manner for the unlawful

2    acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true

3    names and capacities of the Defendants designated hereinafter as DOES when such identities

4    become known.

## IV.    STATEMENT OF FACTS

6         13.    Defendants are headquartered in Frisco, Texas, operate a warehouse in San Leandro,

7    California and are producers and distributers of hot and cold beverages. Defendants distribute

8    beverage products to clients throughout the San Francisco Bay Area, including in Alameda County.

9         14.    Merchandisers' primary job duty is to ensure that the shelves of a retail stores are

10    stocked with American Bottling's beverage products and display them according to company

11    standards. Merchandisers also track inventory levels, report any issues or shortages to management

12    and clean up unwanted items.

13         15.    At all times relevant hereto, the California Labor Code and Wage Order No. 1 has

14    applied to Plaintiff and similarly situated merchandisers.

15         16.    Defendants have failed to pay minimum wage compensation to Plaintiff and

16    similarly situated merchandisers for all hours worked.

17         17.    Because Defendants do not account for all hours worked by Plaintiff and similarly

18    situated merchandisers, Defendants regularly failed to compensate Plaintiff and similarly situated

19    merchandisers at the overtime rate for hours worked in excess of eight (8) hours per day and forty

20    (40) hours per week.

21         18.    Defendants failed to provide meal periods for similarly situated merchandisers. As

22    such, Defendants regularly failed to provide a 30 minute off-duty meal period to Plaintiff and

23    similarly situated merchandisers who worked more than five hours in a day. Defendants also

24    regularly failed to provide a second 30-minute meal period to Plaintiff and similarly situated

25    merchandisers who worked more than 10 hours in a day. Additionally, Defendants failed to pay

26    Plaintiff and similarly situated merchandisers one additional hour of pay at their regular rate of

27    compensation for each missed, late or incomplete meal period.

28

*UALAT v. AM. BOTTLING CO. et al.*
**COMPLAINT AND JURY DEMAND**

19. Defendants have willfully and knowingly failed to reimburse Plaintiff and similarly situated merchandisers for employment-related expenses, including mileage incurred driving their own vehicles in service to Defendants and their customers; the costs of purchasing and/or leasing vehicles and all operation costs associated with the vehicles, including fuel, maintenance, and repair and the costs of insurance.

20. The wage statements provided by Defendants to Plaintiff and similarly situated merchandisers fail to accurately state the actual number of hours worked and the applicable pay rate(s).

21. Defendants' failure to pay legally required compensation under Wage Order No. 1 and Labor Code provisions, to pay minimum wage, to pay overtime wages, to provide meal periods as required by Labor Code sections 226.7 and 512, to reimburse business expenses, and to furnish Plaintiff and similarly situated merchandisers with wage statements accurately showing hours worked and the applicable rate of pay, as alleged above, constitute unlawful and/or unfair activities prohibited by Business and Professions Code section 17200.

## V.    CLASS ACTION ALLEGATIONS

Plaintiff brings this lawsuit as a class action pursuant to Code of Civil Procedure section 382 on behalf of himself and all similarly situated employees. The class that Plaintiff seeks to represent is defined as: current and former merchandisers employed by Defendants in the State of California at any time during the Class Period.

22. The claims herein have been brought and may properly be maintained as a class action under Code of Civil Procedure section 382 because each of the requirements for class certification is met:

a.    Ascertainability and Numerosity:  The potential members of the Class as defined herein are so numerous that joinder would be impracticable. Plaintiff is informed and believes and, on such information, and belief alleges that Defendants have employed at least forty (40) merchandisers in California during the Class Period. The names and addresses of the merchandisers are available from Defendants. Notice can be provided to the merchandisers via first

- 4 -

1  class mail using techniques and a form of notice similar to those customarily used in class action

2  lawsuits of this nature.

3          b.     Commonality: There are questions of law and fact common to Plaintiff and

4  similarly situated merchandisers that predominate over any questions affecting only individual

5  members of the Class. These common questions of law and fact include, without limitation:

6           i.    Whether Defendants violated Labor Code sections 1182.11-1182.13, 1194,

7                 1194.2, 1197 and 1198, and IWC Wage Order No. 1 by failing to pay the

8                 minimum wage for all hours worked;

9          ii.   Whether Defendants violated Labor Code sections 226.7 & 512, and IWC

10                Wage Order No. 1 by failing to provide overtime wages;

11        iii.  Whether Defendants violated Labor Code sections 226.7 and 512 and IWC

12                Wage Order No. 1 by failing to provide meal periods;

13        iv.  Whether Defendants violated Labor Code section 2802 by failing to

14                reimburse or indemnify for business-related expenses, including but not

15                limited to, the costs of fuel, tolls, maintenance and insurance;

16         v.    Whether Defendants violated Labor Code section 226 and Wage Order No.

17                1 by failing to issue adequate and legally compliant wage statements;

18        vi.  Whether the violations set forth in subsections i-v set forth immediately

19                above constitute an unlawful, unfair, and/or fraudulent business practice

20                under Business and Professions Code Section 17200, *et seq.*;

21        vii.  What relief is necessary to remedy Defendants' unfair and unlawful

22                conduct as herein alleged; and

23        viii. Other questions of law and fact.

24         c.     Typicality: Plaintiff's claims are typical of the claims of the Class that he

25 seeks to represent. Plaintiff and similarly situated merchandisers have sustained injuries-in-fact due

26 to their damages arising out of and caused by Defendants' common course of conduct in violation

27 of law, as alleged herein.

28

1           d.    <u>Adequacy of Representation</u>:  Plaintiff is a member of the Class that he

2 seeks to represent and will fairly and adequately represent and protect the interests of the similarly

3 situated merchandisers. Counsel representing Plaintiff are competent and experienced in litigating

4 wage and hour class actions.

5           e.    <u>Superiority of Class Action</u>:  A class action is superior to other available

6 means for the fair and efficient adjudication of this controversy. Individual joinder of all Class

7 Members is not practicable, and questions of law and fact common to Class predominate over any

8 questions affecting only individual members of each class. Each merchandiser has suffered injury

9 and is entitled to recover by reason of Defendants' illegal policies and/or practices as alleged

10 herein. Class action treatment will allow those similarly situated persons to litigate their claims in

11 the manner that is most efficient and economical for the parties and the judicial system. Further, the

12 prosecution of separate actions against Defendants by individual merchandisers would create a risk

13 of inconsistent or varying adjudications that would establish incompatible standards of conduct for

14 Defendants.

15                               **VI.    DAMAGES**

16      23.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff and

17 similarly situated merchandisers are owed, among other things, minimum wage compensation plus

18 interest and liquidated damages, overtime pay, payments for meal period violations, reimbursement

19 of business expenses, wage statement penalties, and other statutory penalties, in an amount that

20 exceeds $25,000, the precise amount of which will be proven at trial.

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28

# VII.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED
(Labor Code §§ 1182.11-1182.13, 1194, 1194.2, 1197 & 1198;
Wage Order No. 1)
*(Plaintiff against All Defendants)*

24.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself, the above-described Class of similarly situated merchandisers, employed by Defendants in California.

25.     Throughout the Class Period, Labor Code sections 1182.11-1182.13, 1194, 1197, and Wage Order No. 1 were in full force and effect and required that Defendants' non-exempt employees receive at least the minimum wage for all hours worked.

26.     Throughout the Class Period, as a result of the policies and practices set forth herein, Defendants failed to pay Plaintiff and similarly situated merchandisers, and continually fails to pay them, minimum wages as required by law for all of their hours worked.

27.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiffs and similarly situated merchandisers have suffered economic damages in amounts to be determined at trial.

28.     Labor Code section 1194(a) provides that an employee who has not been paid minimum wages as required by section 1197 may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

29.     Labor Code section 1194.2 provides that employees who have not been paid at least minimum wages for their hours worked are entitled to recover liquidated damages in an amount equal to the minimum wages that a defendant unlawfully failed to pay them in amounts according to proof at the time of trial.

30.     Plaintiff, on behalf of himself and the above-described classes of similarly situated merchandisers, requests relief as set forth below.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE OVERTIME WAGES
#### (Labor Code §§ 226.7 & 512, and Wage Order No. 7)
*(Plaintiff against All Defendants)*

31. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated merchandisers employed by Defendants in California.

32. Labor Code section 510(a) establishes an eight (8) hour workday and 40-hour workweek, and provides that work in excess of eight (8) hours in one day or 40 hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay ("overtime rate").

33. Because Defendants do not account for all hours worked by merchandisers, Defendants regularly failed to compensate Plaintiff and similarly situated merchandisers at the overtime rate for hours worked in excess of eight (8) hours per day and forty (40) hours per week.

34. Defendants violated Labor Code section 510 and the applicable wage order by subjecting merchandisers to employer control, or knowingly suffering or permitting merchandisers to work, in excess of the statutory overtime thresholds, without paying the applicable premium rate.

35. Plaintiff and similarly situated merchandisers may enforce these provisions pursuant to Labor Code section 1194(a) and Business and Professions Code section 17200 et seq.

36. Labor Code section 1194(a) provides that an employee who has not been paid overtime wages may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

37. Defendants failed to compensate Plaintiff and similarly situated merchandisers for all time worked, rendering Defendants' overtime calculations erroneous.

38. Plaintiff and similarly situated merchandisers are entitled to overtime wages at the applicable premium rate as a result of Defendants' practice of not compensating Plaintiff and similarly situated merchandisers at the required overtime rate. Defendants failed to pay overtime

- 8 -

1 wages when due, as required by Labor Code section 204, and have not paid overtime wages due to
2 date.

3     39.    Plaintiff, on behalf of himself and the above-described classes of similarly situated
4 merchandisers, request relief as set forth below.

5 <div align="center">**THIRD CAUSE OF ACTION**</div>

6 <div align="center">**FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS**
7 **(Labor Code §§ 226.7 & 512, and Wage Order No. 1)**
*(Plaintiff against All Defendants)*</div>

8     40.    The allegations of each of the preceding paragraphs are realleged and incorporated
9 herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the
10 above-described Class of similarly situated merchandisers employed by Defendants in California.

11     41.    Throughout the Class Period, California Labor Code sections 226.7 and 512, and
12 Wage Order No. 1 were in full force and effect and required Defendants to provide employees who
13 worked in excess of five (5) hours a day without being provided at least a thirty (30) minute meal
14 period in which they were relieved of all duties, and a second thirty (30) minute meal period to
15 employees who worked in excess of ten (10) hours a day, and to pay one (1) hour of additional pay
16 at the regular rate of compensation for each workday that the proper meal periods were not
17 provided.

18     42.    Plaintiff and merchandisers have regularly worked in excess of five (5) hours a day
19 and ten (10) hours a day, without being provided at least a thirty (30) minute meal period in which
20 they were relieved of all duties, as required by Labor Code sections 226.7 and 512, and IWC Wage
21 Order No. 1, section 11.

22     43.    Defendants regularly failed to provide a 30 minute off-duty meal periods to Plaintiff
23 and similarly situated merchandisers who worked more than five hours in a day. Additionally,
24 Defendants also regularly failed to provide a second 30-minute meal period to Plaintiff, and
25 similarly situated merchandisers who worked more than 10 hours in a day.

26     44.    Because Defendants failed to provide meal periods, Defendants are liable to
27 Plaintiff and similarly situated merchandisers for one (1) hour of additional pay at the regular rate

28

<div align="center">*UALAT v. AM. BOTTLING CO. et al.*
**COMPLAINT AND JURY DEMAND**</div>

of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7(b) and IWC Wage Order No. 1, section 11.

45. By violating Labor Code section 226.7 and IWC Wage Order No. 1, section 11, Defendants are also liable for interest under Labor Code section 218.6 and reasonable attorneys' fees and costs under Labor Code section 218.5.

46. Additionally, Defendants did not maintain adequate and accurate records of all wages earned, hours worked, and meal breaks taken, in violation of Wage Order No. 1, section 7.

47. Plaintiff, on behalf of himself and the above-described class of similarly situated merchandisers, requests relief as set forth below.

## FOURTH CAUSE OF ACTION

**FAILURE TO INDEMNIFY EMPLOYEES FOR BUSINESS-RELATED EXPENSES**
**(Labor Code § 2802)**
*(Plaintiff against All Defendants)*

48. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described class of similarly situated merchandisers employed by Defendants in California.

49. Labor Code section 2802 provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. ... For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

50. While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiff and other merchandisers incurred work-related business expenses, including mileage incurred driving their own vehicles in service to Defendants and their customers; the costs of purchasing and/or leasing vehicles, and all operation costs associated with the vehicles,

including fuel, maintenance, and repair and the cost of insurance, for which Defendants failed to reimburse them.

51. By requiring Plaintiff and merchandisers to incur business expenses in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants' direction without fully reimbursing or indemnifying employees for these expenses, Defendants violated and continue to violate Labor Code section 2802.

52. As a direct and proximate result of Defendants' unlawful practices and policies, Plaintiff and similarly situated merchandisers have suffered monetary losses, and are entitled to restitution of all expenses incurred in the performance of their work duties, interest thereon, reasonable attorneys' fees and costs, and all applicable statutory penalties available for Defendants' violations of Labor Code section 2802.

53. Plaintiff, on behalf of himself and the above-described classes of similarly situated merchandisers, requests relief as set forth below.

## FIFTH CAUSE OF ACTION
### WAGE STATEMENT PENALTIES
#### (Labor Code § 226)
##### *(Plaintiff against All Defendants)*

54. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated merchandisers employed by Defendants in California.

55. Labor Code section 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked, applicable hourly rate and wages earned by the employee. Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00).

- 11 -

56. Defendants knowingly and intentionally failed to furnish Plaintiff and similarly situated merchandisers with timely, accurate, itemized statements showing the actual total hours worked, the applicable hourly rate, and wages earned by each of them as required by Labor Code section 226(a).

57. Plaintiff and similarly situated merchandisers were damaged by this failure because, among other things, they could not determine whether Defendants had paid them all wages due.

58. As a result, Defendants are liable to Plaintiff and similarly situated merchandisers for the amounts provided by Labor Code section 226(e).

59. Plaintiff, on behalf of himself and the above-described class of similarly situated merchandisers, request relief as set forth below.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES
**(Business & Professions Code §§ 17200 *et seq.*)**
*(Plaintiff against All Defendants)*

60. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Classes of similarly situated merchandisers employed by Defendants in California.

61. Defendants' failure to pay legally required compensation under Wage Order No. 1 and Labor Code provisions, to pay minimum wage, to pay overtime wages, to provide meal periods as required by Labor Code sections 226.7 and 512, to reimburse business expenses, and to furnish wage statements accurately showing hours worked, as alleged above, constitute unlawful and/or unfair activities prohibited by Business and Professions Code section 17200. Plaintiff reserves the right to identify additional unfair and unlawful practices by Defendants as further investigation and discovery warrants.

62. Moreover, Business and Professions Code section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff seeks a court order requiring an audit and accounting of the payroll

1    records to determine the amount of restitution of all unpaid wages owed to himself and similarly

2    situated merchandisers, according to proof, as well as a determination of the amount of funds to be

3    paid to current and former employees that can be identified and located pursuant to a court order

4    and supervision.

5        63.    Defendants are "persons" within the meaning of Business and Professions Code

6    section 17201, which includes "natural persons, corporations, firms, partnerships, joint stock

7    companies, associations and other organizations or persons."

8        64.    Plaintiff and similarly situated merchandisers are "persons" within the meaning of

9    Business and Professions Code section 17204 who have suffered injury in fact as a result of

10   Defendant's unfair competition, and who comply with the requirements of Code of Civil Procedure

11   section 382, as set forth above, and therefore have standing to bring this claim for injunctive relief,

12   restitution, and other appropriate equitable relief.

13       65.    As a result of its unlawful and/or unfair acts, Defendants have reaped and continue

14   to reap unfair benefits and illegal profits at the expense of Plaintiffs and similarly situated

15   merchandisers. Defendants should be enjoined from this activity and made to restore to Plaintiff

16   and similarly situated merchandisers their wrongfully withheld wages, interest thereon, and related

17   statutory penalties, pursuant to Business and Professions Code sections 17202 and 17203.

18       66.    Private enforcement of these rights is necessary, as no other agency has raised a

19   claim to protect these workers. There is a financial burden incurred in pursuing this action that

20   would be unjust to place upon Plaintiff, as the burden of enforcing workforce-wide rights is

21   disproportionately greater than that of enforcing only Plaintiff's individual claims. Additionally,

22   Plaintiff and similarly situated merchandisers are low-income workers who cannot afford to spend

23   part of their wages on enforcing others' wage rights. Therefore, it would be against the interest of

24   justice to force payment of attorneys' fees from Plaintiff's or similarly situated merchandisers'

25   recovery in this action. Accordingly, attorneys' fees are appropriate and sought pursuant to the

26   Code of Civil Procedure section 1021.5.

27

28

1    67.    Plaintiff, on behalf of himself and the above-described class of similarly situated

2    merchandisers, request relief as set forth below.

## VIII.   PRAYER FOR RELIEF

4         WHEREFORE, Plaintiff on behalf of himself and the above-described class of similarly

5    situated merchandisers, requests relief as follows:

6    a.    Certification of the above-described class, pursuant to Code of Civil Procedure

7          section 382;

8    b.    Certification of the above-described class as representative classe under Business

9          and Professions Code section 17200;

10   c.    Provision of Class Notice to all merchandisers who worked for Defendants in

11         California during the class period;

12   d.    A declaratory judgment that Defendants have knowingly and intentionally violated

13         Business and Professions Code sections 17200-17208, by the conduct set forth

14         above.

15   e.    A declaratory judgment that Defendants' violations as described above were willful;

16   f.    An equitable accounting to identify, locate, and restore to all current and former

17         merchandisers the wages and business expenses that are due;

18   g.    An award to Plaintiff and similarly situated merchandisers of damages in the

19         amount of unpaid minimum and overtime wages pursuant to Labor Code section

20         1194, including interest thereon, subject to proof at trial;

21   h.    An award pursuant to Labor Code section 1194.2 to Plaintiff and similarly situated

22         merchandisers of liquidated damages due to Defendants' failure to pay the

23         minimum wage;

24   i.    An award to Plaintiff and similarly situated merchandisers of meal period premiums

25         pursuant to Labor Code section 226.7 for failure to provide meal periods;

26

27

28

j.      An award to Plaintiff and similarly situated merchandisers of damages in the amount of unreimbursed business expenses, including interest thereon, subject to proof at trial;

k.      An award to Plaintiff and similarly situated merchandisers of statutory penalties because of Defendants' failure to provide itemized wage statements that comply with the requirements of Labor Code section 226;

l.      An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and similarly situated merchandisers for Defendants' failure to pay legally required wages, meal period pay, and unreimbursed business expenses, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code section 17203;

m.      An award to Plaintiff and similarly situated merchandisers of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure section 1021.5 and Labor Code sections 218.5, 226(e), 558, 1194, and/or other applicable law;

n.      An award to Plaintiff and similarly situated merchandisers of such other and further relief as this Court deems just and proper.

DATED: June 3, 2022           HUNTER PYLE LAW

By: _____
     Hunter Pyle
     Natalia Ramirez Lee

Attorneys for Plaintiff and the Putative Class

## DEMAND FOR JURY TRIAL

Plaintiff, Joash Ualat, individually and on behalf of all other similarly situated merchandisers demands a jury trial of this matter on all claims so triable.

Dated: June 3, 2022

HUNTER PYLE LAW

By: _____
Hunter Pyle
Natalia Ramirez Lee

Attorneys for Plaintiff and the Putative Class

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Hunter Pyle (SBN 191125)<br>Natalia Ramirez Lee (SBN 322017)<br>Hunter Pyle Law<br>505 14th Street, Suite 600, Oakland CA 94612<br>TELEPHONE NO.: 510-444-4400   FAX NO.: 510-444-4410<br>ATTORNEY FOR *(Name):* Plaintiff Joash Ualat | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>06/03/2022 at 05:34:31 PM<br>By: Cheryl Clark, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME:

CASE NAME:
Joash Ualat v. The American Bottling Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>22CV012252 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [✓] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 3, 2022
Hunter Pyle
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
06/13/2022 at 01:34:31 PM
By: Andrel Gospel,
Deputy Clerk

1  **HUNTER PYLE, SBN 191125**
   **NATALIA RAMIREZ LEE, SBN 322017**
2  **HUNTER PYLE LAW**
3  505 14th Street, Suite 600
   Oakland, California 94612
4  Telephone: (510) 444-4400
   Facsimile: (510) 444-4410
5  Email(s): hunter@hunterpylelaw.com;
   nramirezlee@hunterpylelaw.com
6

7  *Attorneys for Plaintiff and the Putative Classes*

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF ALAMEDA

10 | JOASH UALAT, on behalf of himself and others | Case No.: **22CV012252**
11 | similarly situated, |
   |                    |
12 |         Plaintiff, | **PLAINTIFF'S NOTICE OF POSTING**
   |                    | **JURY FEES**
13 |         v. |
14 | THE AMERICAN BOTTLING COMPANY, a |
   | Delaware corporation, KEURIG DR. PEPPER, |
15 | INC., a Delaware corporation, and DOES 1 |
   | through 10, inclusive, |
16 |         Defendants. |

---

**PLAINTIFF'S NOTICE OF POSTING JURY FEES**

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff JOASH UALAT hereby submits a jury fee deposit in the amount of $150.00 in the above-entitled action pursuant to California Code of Civil Procedure Section 631(b).

DATED: June 3, 2022

HUNTER PYLE LAW

By: _____
Hunter Pyle
Natalia Ramirez Lee

Attorneys for Plaintiff and Punitive Class

**PLAINTIFF'S NOTICE OF POSTING JURY FEES**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>06/03/2022<br>Clerk Filing, Executive Officer / Clerk of the Court<br>By: *Cheryl Clark*, Deputy<br>C. Clark |
| **PLAINTIFF:**<br>JOASH UALAT, on behalf of himself and others similarly situated | |
| **DEFENDANT:**<br>THE AMERICAN BOTTLING COMPANY, a Delaware corporation | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:**<br>22CV012252 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 10/03/2022    Time: 8:30 AM    Dept.: 23
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda

06/03/2022

Chad Finke, Executive Officer/Clerk of the Court
By: *Cheryl Clark* Deputy
C. Clark

PLAINTIFF/PETITIONER:
JOASH UALAT, on behalf of himself and others similarly situated

DEFENDANT/RESPONDENT:
THE AMERICAN BOTTLING COMPANY, a Delaware corporation et al

| CERTIFICATE OF MAILING | CASE NUMBER: 22CV012252 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Chad Finke, Executive Officer / Clerk of the Court

Dated: 06/06/2022

By:

*Cheryl Clark*

C. Clark, Deputy Clerk

**CERTIFICATE OF MAILING**



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agreeing to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/divisions/civil/adr

## What Are the Advantages of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is the Disadvantage of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding): The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377  Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607 Telephone: (510) 768-3100 Website: www.cceb.org Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:        FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                      Time:                      Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation     ☐ Judicial arbitration

   ☐ Private mediation     ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____ ▶ _____

        (TYPE OR PRINT NAME)                      (SIGNATURE OF PLAINTIFF)

Date:

_____ ▶ _____

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court, rule 3.221(a)(4)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____    ▶ _____

Date:

_____    ▶ _____

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE AMERICAN BOTTLING COMPANY, a Delaware corporation,
KEURIG DR. PEPPER, INC., a Delaware corporation, and DOES 1
through 10, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOASH UALAT, on behalf of himself and others similarly situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
06/03/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ C. Clark _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

1225 Fallon Street
Oakland CA 94612

CASE NUMBER:
*(Número del Caso):*
22CV012252

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hunter Pyle, Hunter Pyle Law, 505 14th Street, Suite 600, Oakland CA 94612; 510-444-4400

DATE: 06/03/2022
*(Fecha)*

Chad Finke, Executive Officer / Clerk of the Court
Clerk, by _____ C. Clark _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   KEURIG DR. PEPPER, INC., a
   Delaware corporation
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**HUNTER PYLE, SBN 191125**
**NATALIA RAMIREZ LEE, SBN 322017**
HUNTER PYLE LAW
505 14th Street, Suite 600
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Email(s): hunter@hunterpylelaw.com;
      nramirezlee@hunterpylelaw.com

*Attorneys for Plaintiff and the Putative Classes*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**06/03/2022 at 05:34:31 PM**
By: Cheryl Clark, Deputy Clerk

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOASH UALAT, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>THE AMERICAN BOTTLING COMPANY, a Delaware corporation, KEURIG DR. PEPPER, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.  22CV012252<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **FAILURE TO PAY MINIMUM WAGES (Labor Code §§ 226.2; 1182.11-1182.13, 1194, 1194.2, 1197 & 1198; IWC Wage Order No. 1);**<br>2. **FAILURE TO PROVIDE OVERTIME WAGES (Labor Code §§ 226.7 & 512; IWC Wage Order No. 1);**<br>3. **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS (Labor Code §§ 226.7, 512, IWC Wage Order No. 1);**<br>4. **FAILURE TO REIMBURSE BUSINESS EXPENSES (Labor Code § 2802);**<br>5. **FAILURE TO PROVIDE ADEQUATE WAGE STATEMENTS (Labor Code § 226, IWC Wage Order No. 1);**<br>6. **UNLAWFUL BUSINESS PRACTICES (Business & Professions Code §§ 17200, *et seq.*).**<br><br>**DEMAND FOR JURY TRIAL** |

# I.    INTRODUCTION

1.    This is a class action under Code of Civil Procedure section 382, brought by Plaintiff JOASH UALAT ("Plaintiff") against Defendants THE AMERICAN BOTTLING COMPANY and KEURIG DR. PEPPER, INC. ("Defendants").

2.    Plaintiff seeks to represent a class of current and former merchandisers employed by Defendants in the State of California (hereinafter "the Class").

3.    Plaintiff and similarly situated merchandisers ensure that the shelves of clients' retail stores are stocked with Defendants' beverage products and display them according to company standards. Merchandisers also track inventory levels, report any issues or shortages to management and clean up unwanted items.

4.    This action seeks relief from Defendants' unlawful wage and hour policies and practices, including failing to pay the minimum wage for all hours worked; provide off-duty meal periods or meal premiums in lieu of meal periods; reimburse business expenses; and provide adequate wage statements.

# II.    VENUE AND JURISDICTION

5.    Venue is proper in this judicial district pursuant to Code of Civil Procedure section 395(a). Defendants transact business and operate a warehouse in Alameda County, California. Defendants employ or have employed Plaintiff and Merchandisers in Alameda County. The unlawful acts alleged herein have occurred in and have a direct effect on Plaintiff and those similarly situated merchandisers within the State of California and Alameda County.

6.    This Court has jurisdiction over this class action pursuant to Article 6, section 10 of the California Constitution and California Code of Civil Procedure section 410.10.

7.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff's and similarly situated merchandisers' monetary claims total less than $75,000.00 per person.

*UALAT v. AM. BOTTLING CO. et al.*
**COMPLAINT AND JURY DEMAND**

### III. PARTIES

#### A. PLAINTIFF

8.      Plaintiff has been employed as a Merchandiser by Defendants in California during the period beginning four years prior to the filing of this Complaint to the present (the "Class Period").

9.      Plaintiff has worked for Defendants from approximately December 2020 to the present. Plaintiff has performed work for Defendants throughout California, including in Alameda County and other San Francisco Bay Area locations.

#### B. DEFENDANTS

10.     Defendant AMERICAN BOTTLING is a Delaware corporation, headquartered in Texas. Defendant AMERICAN BOTTLING conducts business in the State of California and the County of Alameda. Defendant AMERICAN BOTTLING is and at all times relevant herein, has been an employer covered by the Labor Code and Wage Order No. 1. As an employer of Plaintiff and Merchandisers throughout the relevant time period hereto, Defendant is liable for the economic damages, including statutory penalties, owed to Plaintiff and Merchandisers under common law and by statute.

11.     Defendant KEURIG DR. PEPPER, INC. is a Delaware corporation, headquartered in Texas. Defendant KEURIG DR. PEPPER, INC. conducts business in the State of California and the County of Alameda. Defendant KEURIG DR. PEPPER, INC. is and at all times relevant herein, has been an employer covered by the Labor Code and Wage Order No. 1. As an employer of Plaintiff and Merchandisers throughout the relevant time period hereto, Defendant is liable for the economic damages, including statutory penalties, owed to Plaintiff and Merchandisers under common law and by statute.

12.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the

1    Defendants designated herein as a DOE are legally responsible in some manner for the unlawful

2    acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true

3    names and capacities of the Defendants designated hereinafter as DOES when such identities

4    become known.

5                              **IV.    STATEMENT OF FACTS**

6           13.    Defendants are headquartered in Frisco, Texas, operate a warehouse in San Leandro,

7    California and are producers and distributers of hot and cold beverages. Defendants distribute

8    beverage products to clients throughout the San Francisco Bay Area, including in Alameda County.

9           14.    Merchandisers' primary job duty is to ensure that the shelves of a retail stores are

10   stocked with American Bottling's beverage products and display them according to company

11   standards. Merchandisers also track inventory levels, report any issues or shortages to management

12   and clean up unwanted items.

13          15.    At all times relevant hereto, the California Labor Code and Wage Order No. 1 has

14   applied to Plaintiff and similarly situated merchandisers.

15          16.    Defendants have failed to pay minimum wage compensation to Plaintiff and

16   similarly situated merchandisers for all hours worked.

17          17.    Because Defendants do not account for all hours worked by Plaintiff and similarly

18   situated merchandisers, Defendants regularly failed to compensate Plaintiff and similarly situated

19   merchandisers at the overtime rate for hours worked in excess of eight (8) hours per day and forty

20   (40) hours per week.

21          18.    Defendants failed to provide meal periods for similarly situated merchandisers. As

22   such, Defendants regularly failed to provide a 30 minute off-duty meal period to Plaintiff and

23   similarly situated merchandisers who worked more than five hours in a day. Defendants also

24   regularly failed to provide a second 30-minute meal period to Plaintiff and similarly situated

25   merchandisers who worked more than 10 hours in a day. Additionally, Defendants failed to pay

26   Plaintiff and similarly situated merchandisers one additional hour of pay at their regular rate of

27   compensation for each missed, late or incomplete meal period.

28

- 3 -

1    19.    Defendants have willfully and knowingly failed to reimburse Plaintiff and similarly

2    situated merchandisers for employment-related expenses, including mileage incurred driving their

3    own vehicles in service to Defendants and their customers; the costs of purchasing and/or leasing

4    vehicles and all operation costs associated with the vehicles, including fuel, maintenance, and

5    repair and the costs of insurance.

6    20.    The wage statements provided by Defendants to Plaintiff and similarly situated

7    merchandisers fail to accurately state the actual number of hours worked and the applicable pay

8    rate(s).

9    21.    Defendants' failure to pay legally required compensation under Wage Order No. 1

10   and Labor Code provisions, to pay minimum wage, to pay overtime wages, to provide meal periods

11   as required by Labor Code sections 226.7 and 512, to reimburse business expenses, and to furnish

12   Plaintiff and similarly situated merchandisers with wage statements accurately showing hours

13   worked and the applicable rate of pay, as alleged above, constitute unlawful and/or unfair activities

14   prohibited by Business and Professions Code section 17200.

15   **V.    CLASS ACTION ALLEGATIONS**

16   Plaintiff brings this lawsuit as a class action pursuant to Code of Civil Procedure section

17   382 on behalf of himself and all similarly situated employees. The class that Plaintiff seeks to

18   represent is defined as: current and former merchandisers employed by Defendants in the State of

19   California at any time during the Class Period.

20   22.    The claims herein have been brought and may properly be maintained as a class

21   action under Code of Civil Procedure section 382 because each of the requirements for class

22   certification is met:

23   a.    Ascertainability and Numerosity:  The potential members of the Class as

24   defined herein are so numerous that joinder would be impracticable. Plaintiff is informed and

25   believes and, on such information, and belief alleges that Defendants have employed at least forty

26   (40) merchandisers in California during the Class Period. The names and addresses of the

27   merchandisers are available from Defendants. Notice can be provided to the merchandisers via first

28

- 4 -

1  class mail using techniques and a form of notice similar to those customarily used in class action
2  lawsuits of this nature.

3          b.     Commonality:  There are questions of law and fact common to Plaintiff and
4  similarly situated merchandisers that predominate over any questions affecting only individual
5  members of the Class. These common questions of law and fact include, without limitation:

6            i.   Whether Defendants violated Labor Code sections 1182.11-1182.13, 1194,
7               1194.2, 1197 and 1198, and IWC Wage Order No. 1 by failing to pay the
8               minimum wage for all hours worked;

9           ii.   Whether Defendants violated Labor Code sections 226.7 & 512, and IWC
10               Wage Order No. 1 by failing to provide overtime wages;

11          iii.  Whether Defendants violated Labor Code sections 226.7 and 512 and IWC
12               Wage Order No. 1 by failing to provide meal periods;

13          iv.  Whether Defendants violated Labor Code section 2802 by failing to
14               reimburse or indemnify for business-related expenses, including but not
15               limited to, the costs of fuel, tolls, maintenance and insurance;

16           v.   Whether Defendants violated Labor Code section 226 and Wage Order No.
17               1 by failing to issue adequate and legally compliant wage statements;

18          vi.  Whether the violations set forth in subsections i-v set forth immediately
19               above constitute an unlawful, unfair, and/or fraudulent business practice
20               under Business and Professions Code Section 17200, *et seq.*;

21          vii.  What relief is necessary to remedy Defendants' unfair and unlawful
22               conduct as herein alleged; and

23          viii. Other questions of law and fact.

24          c.     Typicality:  Plaintiff's claims are typical of the claims of the Class that he
25  seeks to represent. Plaintiff and similarly situated merchandisers have sustained injuries-in-fact due
26  to their damages arising out of and caused by Defendants' common course of conduct in violation
27  of law, as alleged herein.

28

1           **d.**    <u>Adequacy of Representation</u>: Plaintiff is a member of the Class that he

2 seeks to represent and will fairly and adequately represent and protect the interests of the similarly

3 situated merchandisers. Counsel representing Plaintiff are competent and experienced in litigating

4 wage and hour class actions.

5           **e.**    <u>Superiority of Class Action</u>: A class action is superior to other available

6 means for the fair and efficient adjudication of this controversy. Individual joinder of all Class

7 Members is not practicable, and questions of law and fact common to Class predominate over any

8 questions affecting only individual members of each class. Each merchandiser has suffered injury

9 and is entitled to recover by reason of Defendants' illegal policies and/or practices as alleged

10 herein. Class action treatment will allow those similarly situated persons to litigate their claims in

11 the manner that is most efficient and economical for the parties and the judicial system. Further, the

12 prosecution of separate actions against Defendants by individual merchandisers would create a risk

13 of inconsistent or varying adjudications that would establish incompatible standards of conduct for

14 Defendants.

15                        **VI.**    **DAMAGES**

16       23.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff and

17 similarly situated merchandisers are owed, among other things, minimum wage compensation plus

18 interest and liquidated damages, overtime pay, payments for meal period violations, reimbursement

19 of business expenses, wage statement penalties, and other statutory penalties, in an amount that

20 exceeds $25,000, the precise amount of which will be proven at trial.

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28

## VII.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED
(Labor Code §§ 1182.11-1182.13, 1194, 1194.2, 1197 & 1198;
Wage Order No. 1)
*(Plaintiff against All Defendants)*

24.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself, the above-described Class of similarly situated merchandisers, employed by Defendants in California.

25.     Throughout the Class Period, Labor Code sections 1182.11-1182.13, 1194, 1197, and Wage Order No. 1 were in full force and effect and required that Defendants' non-exempt employees receive at least the minimum wage for all hours worked.

26.     Throughout the Class Period, as a result of the policies and practices set forth herein, Defendants failed to pay Plaintiff and similarly situated merchandisers, and continually fails to pay them, minimum wages as required by law for all of their hours worked.

27.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiffs and similarly situated merchandisers have suffered economic damages in amounts to be determined at trial.

28.     Labor Code section 1194(a) provides that an employee who has not been paid minimum wages as required by section 1197 may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

29.     Labor Code section 1194.2 provides that employees who have not been paid at least minimum wages for their hours worked are entitled to recover liquidated damages in an amount equal to the minimum wages that a defendant unlawfully failed to pay them in amounts according to proof at the time of trial.

30.     Plaintiff, on behalf of himself and the above-described classes of similarly situated merchandisers, requests relief as set forth below.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE OVERTIME WAGES
### (Labor Code §§ 226.7 & 512, and Wage Order No. 7)
### *(Plaintiff against All Defendants)*

31.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated merchandisers employed by Defendants in California.

32.    Labor Code section 510(a) establishes an eight (8) hour workday and 40-hour workweek, and provides that work in excess of eight (8) hours in one day or 40 hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay ("overtime rate").

33.    Because Defendants do not account for all hours worked by merchandisers, Defendants regularly failed to compensate Plaintiff and similarly situated merchandisers at the overtime rate for hours worked in excess of eight (8) hours per day and forty (40) hours per week.

34.    Defendants violated Labor Code section 510 and the applicable wage order by subjecting merchandisers to employer control, or knowingly suffering or permitting merchandisers to work, in excess of the statutory overtime thresholds, without paying the applicable premium rate.

35.    Plaintiff and similarly situated merchandisers may enforce these provisions pursuant to Labor Code section 1194(a) and Business and Professions Code section 17200 et seq.

36.    Labor Code section 1194(a) provides that an employee who has not been paid overtime wages may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

37.    Defendants failed to compensate Plaintiff and similarly situated merchandisers for all time worked, rendering Defendants' overtime calculations erroneous.

38.    Plaintiff and similarly situated merchandisers are entitled to overtime wages at the applicable premium rate as a result of Defendants' practice of not compensating Plaintiff and similarly situated merchandisers at the required overtime rate. Defendants failed to pay overtime

wages when due, as required by Labor Code section 204, and have not paid overtime wages due to date.

39. Plaintiff, on behalf of himself and the above-described classes of similarly situated merchandisers, request relief as set forth below.

### THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS**
**(Labor Code §§ 226.7 & 512, and Wage Order No. 1)**
*(Plaintiff against All Defendants)*

40. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated merchandisers employed by Defendants in California.

41. Throughout the Class Period, California Labor Code sections 226.7 and 512, and Wage Order No. 1 were in full force and effect and required Defendants to provide employees who worked in excess of five (5) hours a day without being provided at least a thirty (30) minute meal period in which they were relieved of all duties, and a second thirty (30) minute meal period to employees who worked in excess of ten (10) hours a day, and to pay one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided.

42. Plaintiff and merchandisers have regularly worked in excess of five (5) hours a day and ten (10) hours a day, without being provided at least a thirty (30) minute meal period in which they were relieved of all duties, as required by Labor Code sections 226.7 and 512, and IWC Wage Order No. 1, section 11.

43. Defendants regularly failed to provide a 30 minute off-duty meal periods to Plaintiff and similarly situated merchandisers who worked more than five hours in a day. Additionally, Defendants also regularly failed to provide a second 30-minute meal period to Plaintiff, and similarly situated merchandisers who worked more than 10 hours in a day.

44. Because Defendants failed to provide meal periods, Defendants are liable to Plaintiff and similarly situated merchandisers for one (1) hour of additional pay at the regular rate

of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7(b) and IWC Wage Order No. 1, section 11.

45. By violating Labor Code section 226.7 and IWC Wage Order No. 1, section 11, Defendants are also liable for interest under Labor Code section 218.6 and reasonable attorneys' fees and costs under Labor Code section 218.5.

46. Additionally, Defendants did not maintain adequate and accurate records of all wages earned, hours worked, and meal breaks taken, in violation of Wage Order No. 1, section 7.

47. Plaintiff, on behalf of himself and the above-described class of similarly situated merchandisers, requests relief as set forth below.

## FOURTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY EMPLOYEES FOR BUSINESS-RELATED EXPENSES
### (Labor Code § 2802)
### *(Plaintiff against All Defendants)*

48. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described class of similarly situated merchandisers employed by Defendants in California.

49. Labor Code section 2802 provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. ... For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

50. While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiff and other merchandisers incurred work-related business expenses, including mileage incurred driving their own vehicles in service to Defendants and their customers; the costs of purchasing and/or leasing vehicles, and all operation costs associated with the vehicles,

- 10 -

1  including fuel, maintenance, and repair and the cost of insurance, for which Defendants failed to

2  reimburse them.

3       51.    By requiring Plaintiff and merchandisers to incur business expenses in direct

4  consequence of the discharge of their duties for Defendants and/or in obedience to Defendants'

5  direction without fully reimbursing or indemnifying employees for these expenses, Defendants

6  violated and continue to violate Labor Code section 2802.

7       52.    As a direct and proximate result of Defendants' unlawful practices and policies,

8  Plaintiff and similarly situated merchandisers have suffered monetary losses, and are entitled to

9  restitution of all expenses incurred in the performance of their work duties, interest thereon,

10  reasonable attorneys' fees and costs, and all applicable statutory penalties available for Defendants'

11  violations of Labor Code section 2802.

12       53.    Plaintiff, on behalf of himself and the above-described classes of similarly situated

13  merchandisers, requests relief as set forth below.

## FIFTH CAUSE OF ACTION

### WAGE STATEMENT PENALTIES
**(Labor Code § 226)**
*(Plaintiff against All Defendants)*

17       54.    The allegations of each of the preceding paragraphs are realleged and incorporated

18  herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the

19  above-described Class of similarly situated merchandisers employed by Defendants in California.

20       55.    Labor Code section 226(a) requires employers semi-monthly or at the time of each

21  payment of wages to furnish each employee with a statement itemizing, among other things, the

22  total hours worked, applicable hourly rate and wages earned by the employee. Labor Code section

23  226(e) provides that if an employer knowingly and intentionally fails to provide a statement

24  itemizing, among other things, the total hours worked by the employee, then the employee is

25  entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation

26  and one hundred dollars ($100.00) for each subsequent violation, up to a maximum of four

27  thousand dollars ($4,000.00).

28

*UALAT v. AM. BOTTLING CO. et al.*
**COMPLAINT AND JURY DEMAND**

56. Defendants knowingly and intentionally failed to furnish Plaintiff and similarly situated merchandisers with timely, accurate, itemized statements showing the actual total hours worked, the applicable hourly rate, and wages earned by each of them as required by Labor Code section 226(a).

57. Plaintiff and similarly situated merchandisers were damaged by this failure because, among other things, they could not determine whether Defendants had paid them all wages due.

58. As a result, Defendants are liable to Plaintiff and similarly situated merchandisers for the amounts provided by Labor Code section 226(e).

59. Plaintiff, on behalf of himself and the above-described class of similarly situated merchandisers, request relief as set forth below.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES
**(Business & Professions Code §§ 17200 *et seq.*)**
***(Plaintiff against All Defendants)***

60. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Classes of similarly situated merchandisers employed by Defendants in California.

61. Defendants' failure to pay legally required compensation under Wage Order No. 1 and Labor Code provisions, to pay minimum wage, to pay overtime wages, to provide meal periods as required by Labor Code sections 226.7 and 512, to reimburse business expenses, and to furnish wage statements accurately showing hours worked, as alleged above, constitute unlawful and/or unfair activities prohibited by Business and Professions Code section 17200. Plaintiff reserves the right to identify additional unfair and unlawful practices by Defendants as further investigation and discovery warrants.

62. Moreover, Business and Professions Code section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff seeks a court order requiring an audit and accounting of the payroll

1  records to determine the amount of restitution of all unpaid wages owed to himself and similarly

2  situated merchandisers, according to proof, as well as a determination of the amount of funds to be

3  paid to current and former employees that can be identified and located pursuant to a court order

4  and supervision.

5       63.    Defendants are "persons" within the meaning of Business and Professions Code

6  section 17201, which includes "natural persons, corporations, firms, partnerships, joint stock

7  companies, associations and other organizations or persons."

8       64.    Plaintiff and similarly situated merchandisers are "persons" within the meaning of

9  Business and Professions Code section 17204 who have suffered injury in fact as a result of

10  Defendant's unfair competition, and who comply with the requirements of Code of Civil Procedure

11  section 382, as set forth above, and therefore have standing to bring this claim for injunctive relief,

12  restitution, and other appropriate equitable relief.

13       65.    As a result of its unlawful and/or unfair acts, Defendants have reaped and continue

14  to reap unfair benefits and illegal profits at the expense of Plaintiffs and similarly situated

15  merchandisers. Defendants should be enjoined from this activity and made to restore to Plaintiff

16  and similarly situated merchandisers their wrongfully withheld wages, interest thereon, and related

17  statutory penalties, pursuant to Business and Professions Code sections 17202 and 17203.

18       66.    Private enforcement of these rights is necessary, as no other agency has raised a

19  claim to protect these workers. There is a financial burden incurred in pursuing this action that

20  would be unjust to place upon Plaintiff, as the burden of enforcing workforce-wide rights is

21  disproportionately greater than that of enforcing only Plaintiff's individual claims. Additionally,

22  Plaintiff and similarly situated merchandisers are low-income workers who cannot afford to spend

23  part of their wages on enforcing others' wage rights. Therefore, it would be against the interest of

24  justice to force payment of attorneys' fees from Plaintiff's or similarly situated merchandisers'

25  recovery in this action. Accordingly, attorneys' fees are appropriate and sought pursuant to the

26  Code of Civil Procedure section 1021.5.

27

28

*UALAT v. AM. BOTTLING CO. et al.*
**COMPLAINT AND JURY DEMAND**

1   67.   Plaintiff, on behalf of himself and the above-described class of similarly situated

2   merchandisers, request relief as set forth below.

3   **VIII.   PRAYER FOR RELIEF**

4          WHEREFORE, Plaintiff on behalf of himself and the above-described class of similarly

5   situated merchandisers, requests relief as follows:

6          a.     Certification of the above-described class, pursuant to Code of Civil Procedure

7                 section 382;

8          b.     Certification of the above-described class as representative classe under Business

9                 and Professions Code section 17200;

10         c.     Provision of Class Notice to all merchandisers who worked for Defendants in

11                California during the class period;

12         d.     A declaratory judgment that Defendants have knowingly and intentionally violated

13                Business and Professions Code sections 17200-17208, by the conduct set forth

14                above.

15         e.     A declaratory judgment that Defendants' violations as described above were willful;

16         f.     An equitable accounting to identify, locate, and restore to all current and former

17                merchandisers the wages and business expenses that are due;

18         g.     An award to Plaintiff and similarly situated merchandisers of damages in the

19                amount of unpaid minimum and overtime wages pursuant to Labor Code section

20                1194, including interest thereon, subject to proof at trial;

21         h.     An award pursuant to Labor Code section 1194.2 to Plaintiff and similarly situated

22                merchandisers of liquidated damages due to Defendants' failure to pay the

23                minimum wage;

24         i.     An award to Plaintiff and similarly situated merchandisers of meal period premiums

25                pursuant to Labor Code section 226.7 for failure to provide meal periods;

26

27

28

*UALAT v. AM. BOTTLING CO. et al.*
**COMPLAINT AND JURY DEMAND**

|   |   |   |
|---|---|---|
| 1 | j. | An award to Plaintiff and similarly situated merchandisers of damages in the amount of unreimbursed business expenses, including interest thereon, subject to proof at trial; |
| 4 | k. | An award to Plaintiff and similarly situated merchandisers of statutory penalties because of Defendants' failure to provide itemized wage statements that comply with the requirements of Labor Code section 226; |
| 7 | l. | An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and similarly situated merchandisers for Defendants' failure to pay legally required wages, meal period pay, and unreimbursed business expenses, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code section 17203; |
| 12 | m. | An award to Plaintiff and similarly situated merchandisers of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure section 1021.5 and Labor Code sections 218.5, 226(e), 558, 1194, and/or other applicable law; |
| 15 | n. | An award to Plaintiff and similarly situated merchandisers of such other and further relief as this Court deems just and proper. |

DATED: June 3, 2022

HUNTER PYLE LAW

By: Hunter Pyle

Hunter Pyle
Natalia Ramirez Lee

Attorneys for Plaintiff and the Putative Class

## DEMAND FOR JURY TRIAL

Plaintiff, Joash Ualat, individually and on behalf of all other similarly situated merchandisers demands a jury trial of this matter on all claims so triable.

Dated: June 3, 2022                    HUNTER PYLE LAW

By: _____
                                    Hunter Pyle
                                    Natalia Ramirez Lee

Attorneys for Plaintiff and the Putative Class

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Hunter Pyle (SBN 191125)
Natalia Ramirez Lee (SBN 322017)
Hunter Pyle Law
505 14th Street, Suite 600, Oakland CA 94612
TELEPHONE NO.: 510-444-4400   FAX NO.: 510-444-4410
ATTORNEY FOR *(Name):* Plaintiff Joash Ualat

**FOR COURT USE ONLY**

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
06/03/2022 at 05:34:31 PM
By: Cheryl Clark, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME:

**CASE NAME:**
Joash Ualat v. The American Bottling Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 22CV012252 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 3, 2022
Hunter Pyle
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
06/13/2022 at 01:34:31 PM
By: Andrel Gospel,
Deputy Clerk

1   **HUNTER PYLE, SBN 191125**
    **NATALIA RAMIREZ LEE, SBN 322017**
2   **HUNTER PYLE LAW**
3   505 14th Street, Suite 600
    Oakland, California 94612
4   Telephone: (510) 444-4400
    Facsimile: (510) 444-4410
5   Email(s): hunter@hunterpylelaw.com;
    nramirezlee@hunterpylelaw.com
6

7   *Attorneys for Plaintiff and the Putative Classes*

8                **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF ALAMEDA**

10
    JOASH UALAT, on behalf of himself and others   Case No.:  **22CV012252**
11  similarly situated,

12              Plaintiff,                          **PLAINTIFF'S NOTICE OF POSTING**
                                                    **JURY FEES**
13          v.

14  THE AMERICAN BOTTLING COMPANY, a
    Delaware corporation, KEURIG DR. PEPPER,
15  INC., a Delaware corporation, and DOES 1
    through 10, inclusive,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff JOASH UALAT hereby submits a jury fee deposit in the amount of $150.00 in the above-entitled action pursuant to California Code of Civil Procedure Section 631(b).

DATED: June 3, 2022

HUNTER PYLE LAW

By: _____
Hunter Pyle
Natalia Ramirez Lee

Attorneys for Plaintiff and Punitive Class

**PLAINTIFF'S NOTICE OF POSTING JURY FEES**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
06/03/2022
Clerk of the Executive Officer / Clerk of the Court
By: _Cheryl Clark_ Deputy
C. Clark

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
JOASH UALAT, on behalf of himself and others similarly situated

DEFENDANT:
THE AMERICAN BOTTLING COMPANY, a Delaware corporation

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
22CV012252

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 10/03/2022      Time: 8:30 AM      Dept.: 23
>
> Location: Rene C. Davidson Courthouse
>                Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>06/03/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Cheryl Clark_ Deputy<br>C. Clark |
| PLAINTIFF/PETITIONER:<br>JOASH UALAT, on behalf of himself and others similarly situated | |
| DEFENDANT/RESPONDENT:<br>THE AMERICAN BOTTLING COMPANY, a Delaware corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV012252 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Chad Finke, Executive Officer / Clerk of the Court

Dated: 06/06/2022

By:

_Cheryl Clark_

C. Clark, Deputy Clerk



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agreeing to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/divisions/civil/adr

### What Are the Advantages of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

- o **Judicial Arbitration Program** (non-binding): The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

- o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377  Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607 Telephone: (510) 768-3100 Website: www.cceb.org Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:      FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:        Time:        Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation     ☐ Judicial arbitration

   ☐ Private mediation     ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____    ▶ _____
      (TYPE OR PRINT NAME)             (SIGNATURE OF PLAINTIFF)

Date:

_____    ▶ _____

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court, rule 3.221(a)(4)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)  (SIGNATURE OF DEFENDANT)

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)  (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

# EXHIBIT B


## Service of Process Transmittal Summary

**TO:** Stephen Cole
KEURIG DR PEPPER SNAPPLE GROUP
6425 HALL OF FAME LN
FRISCO, TX 75034-1954

**RE:** **Process Served in California**

**FOR:** The American Bottling Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOASH UALAT, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED // To: The American Bottling Company |
| **CASE #:** | 22CV012252 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/16/2022 at 09:44 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/16/2022, Expected Purge Date: 06/21/2022 |
| | Image SOP |
| | Email Notification,  Janet Barrett  janet.barrett@kdrp.com |
| | Email Notification,  Stephen Cole  stephen.cole@kdrp.com |
| | Email Notification,  INGA HARRISON  inga.harrison@kdrp.com |
| | Email Notification,  Lauren Timmons  lauren.timmons@kdrp.com |
| | Email Notification,  Indira Wanser  indira.wanser@kdrp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Thu, Jun 16, 2022
**Server Name:**                             Gary Hansen

| Entity Served | THE AMERICAN BOTTLING COMPANY |
|---|---|
| Case Number | 22CV012252 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |





## Service of Process Transmittal Summary

**TO:**    Stephen Cole
KEURIG DR PEPPER SNAPPLE GROUP
6425 HALL OF FAME LN
FRISCO, TX 75034-1954

**RE:**    **Process Served in California**

**FOR:**    Keurig Dr Pepper Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOASH UALAT, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED // To: Keurig Dr Pepper Inc. |
| **CASE #:** | 22CV012252 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/16/2022 at 09:44 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/16/2022, Expected Purge Date: 06/21/2022 |
| | Image SOP |
| | Email Notification,  Janet Barrett  janet.barrett@kdrp.com |
| | Email Notification,  Stephen Cole  stephen.cole@kdrp.com |
| | Email Notification,  INGA HARRISON  inga.harrison@kdrp.com |
| | Email Notification,  Lauren Timmons  lauren.timmons@kdrp.com |
| | Email Notification,  Indira Wanser  indira.wanser@kdrp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-665-5799
SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                        Thu, Jun 16, 2022
**Server Name:**           Gary Hansen

| Entity Served | KEURIG DR PEPPER INC. |
|---|---|
| Case Number | 22CV012252 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
|  |  |  |





**EXHIBIT C**

**HUNTER PYLE, SBN 191125**
**NATALIA RAMIREZ LEE, SBN 322017**
HUNTER PYLE LAW
505 14th Street, Suite 600
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Email: hunter@hunterpylelaw.com
          nramirezlee@hunterpylelaw.com

*Attorneys for Plaintiff and the Putative Class*

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOASH UALAT, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE AMERICAN BOTTLING CO., a Delaware corporation, KEURIG DR. PEPPER, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 22CV012252<br><br>**CLASS AND PAGA ACTION**<br><br>**PLAINTIFFS' COMPLEX CASE DETERMINATION STATEMENT**<br><br>Date:     July 5, 2022<br>Time:     3:00 p.m.<br>Location: Dept. 23<br>Judge:   The Honorable Brad Seligman |

1    Plaintiff JOASH UALAT ("Plaintiff") submits the following Complex Case Determination

2    Statement:

3                                    **INTRODUCTION**

4            Plaintiff provides the following statement to assist the Court in assessing whether this wage

5    and hour class action should be designated a complex case under California Rule of Court 3.400.

6    This matter is provisionally a complex case under Rule 3.400 subsection (c)(6) because it involves

7    class action allegations. Further, the factors set forth in Rule 3.400 subsection (b) weigh in favor of

8    designating this as a complex case.

9            In addition, Plaintiff intends to file a First Amended Complaint alleging violations of the

10   Private Attorneys General Act ("PAGA"), a representative action to enforce the California Labor

11   Code. PAGA creates a statutory right for civil penalties for Labor Code violations that otherwise

12   would be brought by state labor law enforcement agencies, and, by its representative nature, renders

13   this case complex according to Rule 3.400(b)(3).

14           A complex department's experience managing representative actions, class actions and wage

15   and hour issues, as well as navigating discovery disputes, will assist the parties in effectively

16   litigating this matter.

17                              **FACTUAL BACKGROUND**

18           This is a proposed class action brought against Defendants the American Bottling Company

19   and Keurid Dr. Pepper (collectively, "American Bottling") on behalf of Plaintiff and other

20   individuals who worked in California as merchandisers beginning June 3, 2018 to the present ("Class

21   Period").

22           American Bottling is a Delaware corporation. Its headquarters are located in Frisco, Texas

23   and it is a producer and distributer of hot and cold beverages.

24           American Bottling employs Plaintiff and other individuals in Alameda County and the State

25   of California as Merchandisers ("Class Members"). Merchandisers' primary job duty is to ensure

26   that the shelves of a retail stores are stocked with American Bottling's beverage products and display

27   them according to company standards. Merchandisers also track inventory levels, report any issues

28

or shortages to management and clean up unwanted items. Individuals who worked for American Bottling in California as Merchandisers are referred to herein as "aggrieved employees."

During the Class Period, American Bottling failed to pay minimum wage for all hours worked. Furthermore, the wage statements that American Bottling provided to class members failed to accurately state the actual number of hours worked, the applicable pay rate(s) and wages earned.

Because American Bottling does not account for all hours worked by Merchandisers, American Bottling regularly failed to compensate Plaintiff and other class members at the overtime rate for hours worked in excess of eight (8) hours per day and forty (40) hours per week.

Additionally, American Bottling failed to provide meal periods to all class members. American Bottling regularly failed to provide a 30 minute off-duty meal periods to class members who worked more than five hours in a day. American Bottling also regularly failed to provide a second 30-minute meal period to class members who worked more than 10 hours in a day. In addition, American Bottling failed to pay class members one additional hour of pay at their regular rate of compensation for each missed, late or incomplete meal period.

Plaintiff bring claims on behalf of Class Members for unpaid minimum and overtime wages, meal and rest period premiums, payment of unreimbursed business expenses, liquidated damages, statutory penalties, interest, and attorneys' fees and costs under Labor Code sections 218.5, 226(e), 558 and 1194, and Code of Civil Procedure section 1021.5. Plaintiff, on behalf of himself and Class Members, also seeks equitable and injunctive relief for these violations pursuant to Business and Professions Code sections 17200-17208 (referred to herein as the "UCL").

## FACTORS IN SUPPORT OF COMPLEX CASE DETERMINATION

This matter is provisionally a complex case under Rule 3.400 subsection (c)(6) because it involves class action allegations. In addition, the factors set forth in Rule 3.400 subsection (b) favor the designation of this case as complex.

First, this case is likely to involve numerous pretrial motions involving difficult legal issues, including class certification. *See* Rule of Court 3.400(b)(1).

Second, motions in this case, including a class certification motion, may require management of a substantial amount of documentary evidence or a large number of witnesses. *See* Rule of Court

PLAINTIFFS' COMPLEX CASE DETERMINATION STATEMENT

3.400(b)(2). This case will likely involve substantial discovery regarding American Bottling's compensation practices, and Plaintiff will need to obtain compensation data for individual Class Members. The parties may need court intervention to implement procedures to protect putative Class Members' privacy rights while still allowing meaningful access to such information.

Third, since the case will involve a PAGA claim, which is representative in nature, it is likely to involve the management of a large number of separately represented parties. *See* Rule of Court 3.400(b)(3).

Finally, if this case results in the distribution of a class fund, substantial post-judgment judicial supervision will be needed to assist in a fair and efficient distribution of the fund. *See* Rule of Court 3.400(b)(5).

The complex department's expertise in handling representative and class claims, complex discovery disputes, and substantial amounts of documentary evidence in representative and class actions will facilitate the efficient litigation of this matter.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that this Court designate this matter as complex and reassign it to a complex department.

DATED: June 21, 2022        HUNTER PYLE LAW

By: _____
Hunter Pyle
Natalia Ramirez Lee

Attorneys for Plaintiff and the Putative Class

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is Hunter Pyle Law, 500 14th Street, Suite 600, Oakland, California 94612. On this day, I served the following Document(s):

### PLAINTIFFS' COMPLEX CASE DETERMINATION STATEMENT

☒ By Mail to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Hunter Pyle Law, mail placed in that designated area is given the correct amount of postage and is either picked up or deposited that same day, in the ordinary course of business in a United States mailbox in the City of Oakland, California.

| THE AMERICAN BOTTLING COMPANY<br>C T CORPORATION SYSTEM<br>330 N BRAND BLVD STE 700<br>GLENDALE, CA 91203<br><br>KEURIG DR. PEPPER<br>C T CORPORATION SYSTEM<br>330 N BRAND BLVD STE 700<br>GLENDALE, CA 91203 |
| --- |

I declare under penalty of perjury that the foregoing is true and correct. Executed in Oakland, California, on this date, June 21, 2022.



DARLENE SANCHEZ

# EXHIBIT D

**HUNTER PYLE, SBN 191125**
**NATALIA RAMIREZ LEE, SBN 322017**
HUNTER PYLE LAW
505 14th Street, Suite 600
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Email(s): hunter@hunterpylelaw.com;
        nramirezlee@hunterpylelaw.com

*Attorneys for Plaintiff and the Putative Classes*

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOASH UALAT, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>THE AMERICAN BOTTLING COMPANY, a Delaware corporation, KEURIG DR. PEPPER, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 22CV012252<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **FAILURE TO PAY MINIMUM WAGES** (Labor Code §§ 226.2; 1182.11-1182.13, 1194, 1194.2, 1197 & 1198; IWC Wage Order No. 1);<br>2. **FAILURE TO PROVIDE OVERTIME WAGES (Labor Code §§ 226.7 & 512; IWC Wage Order No. 1);**<br>3. **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS (Labor Code §§ 226.7, 512, IWC Wage Order No. 1);**<br>4. **FAILURE TO REIMBURSE BUSINESS EXPENSES (Labor Code § 2802);**<br>5. **FAILURE TO PROVIDE ADEQUATE WAGE STATEMENTS (Labor Code § 226, IWC Wage Order No. 1);**<br>6. **UNLAWFUL BUSINESS PRACTICES (Business & Professions Code §§ 17200, *et seq.*).**<br>7. **PRIVATE ATTORNEYS GENERAL ACT (Labor Code §§ 2698, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

# I. INTRODUCTION

1. This is a class action under Code of Civil Procedure section 382, brought by Plaintiff JOASH UALAT ("Plaintiff") against Defendants THE AMERICAN BOTTLING COMPANY and KEURIG DR. PEPPER, INC. ("Defendants").

2. Plaintiff seeks to represent a class of current and former merchandisers employed by Defendants in the State of California (hereinafter "the Class").

3. Plaintiff and similarly situated merchandisers ensure that the shelves of clients' retail stores are stocked with Defendants' beverage products and display them according to company standards. Merchandisers also track inventory levels, report any issues or shortages to management and clean up unwanted items.

4. This action seeks relief from Defendants' unlawful wage and hour policies and practices, including failing to pay the minimum wage for all hours worked; provide off-duty meal periods or meal premiums in lieu of meal periods; reimburse business expenses; and provide adequate wage statements.

# II. VENUE AND JURISDICTION

5. Venue is proper in this judicial district pursuant to Code of Civil Procedure section 395(a). Defendants transact business and operate a warehouse in Alameda County, California. Defendants employ or have employed Plaintiff and Merchandisers in Alameda County. The unlawful acts alleged herein have occurred in and have a direct effect on Plaintiff and those similarly situated merchandisers within the State of California and Alameda County.

6. This Court has jurisdiction over this class action pursuant to Article 6, section 10 of the California Constitution and California Code of Civil Procedure section 410.10.

7. Plaintiff is informed and believes, and thereon alleges, that Plaintiff's and similarly situated merchandisers' monetary claims total less than $75,000.00 per person.

## III.  PARTIES

### A.  PLAINTIFF

8.  Plaintiff has been employed as a Merchandiser by Defendants in California during the period beginning four years prior to the filing of this Complaint to the present (the "Class Period").

9.  Plaintiff has worked for Defendants from approximately December 2020 to the present. Plaintiff has performed work for Defendants throughout California, including in Alameda County and other San Francisco Bay Area locations.

### B.  DEFENDANTS

10.  Defendant AMERICAN BOTTLING is a Delaware corporation, headquartered in Texas. Defendant AMERICAN BOTTLING conducts business in the State of California and the County of Alameda. Defendant AMERICAN BOTTLING is and at all times relevant herein, has been an employer covered by the Labor Code and Wage Order No. 1. As an employer of Plaintiff and Merchandisers throughout the relevant time period hereto, Defendant is liable for the economic damages, including statutory penalties, owed to Plaintiff and Merchandisers under common law and by statute.

11.  Defendant KEURIG DR. PEPPER, INC. is a Delaware corporation, headquartered in Texas. Defendant KEURIG DR. PEPPER, INC. conducts business in the State of California and the County of Alameda. Defendant KEURIG DR. PEPPER, INC. is and at all times relevant herein, has been an employer covered by the Labor Code and Wage Order No. 1. As an employer of Plaintiff and Merchandisers throughout the relevant time period hereto, Defendant is liable for the economic damages, including statutory penalties, owed to Plaintiff and Merchandisers under common law and by statute.

12.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the

1    Defendants designated herein as a DOE are legally responsible in some manner for the unlawful

2    acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true

3    names and capacities of the Defendants designated hereinafter as DOES when such identities

4    become known.

### IV.    STATEMENT OF FACTS

6    13.    Defendants are headquartered in Frisco, Texas, operate a warehouse in San Leandro,

7    California and are producers and distributers of hot and cold beverages. Defendants distribute

8    beverage products to clients throughout the San Francisco Bay Area, including in Alameda County.

9    14.    Merchandisers' primary job duty is to ensure that the shelves of a retail stores are

10   stocked with American Bottling's beverage products and display them according to company

11   standards. Merchandisers also track inventory levels, report any issues or shortages to management

12   and clean up unwanted items.

13   15.    At all times relevant hereto, the California Labor Code and Wage Order No. 1 has

14   applied to Plaintiff and similarly situated merchandisers.

15   16.    Defendants have failed to pay minimum wage compensation to Plaintiff and

16   similarly situated merchandisers for all hours worked.

17   17.    Because Defendants do not account for all hours worked by Plaintiff and similarly

18   situated merchandisers, Defendants regularly failed to compensate Plaintiff and similarly situated

19   merchandisers at the overtime rate for hours worked in excess of eight (8) hours per day and forty

20   (40) hours per week.

21   18.    Defendants failed to provide meal periods for similarly situated merchandisers. As

22   such, Defendants regularly failed to provide a 30 minute off-duty meal period to Plaintiff and

23   similarly situated merchandisers who worked more than five hours in a day. Defendants also

24   regularly failed to provide a second 30-minute meal period to Plaintiff and similarly situated

25   merchandisers who worked more than 10 hours in a day. Additionally, Defendants failed to pay

26   Plaintiff and similarly situated merchandisers one additional hour of pay at their regular rate of

27   compensation for each missed, late or incomplete meal period.

28

19.     Defendants have willfully and knowingly failed to reimburse Plaintiff and similarly situated merchandisers for employment-related expenses, including mileage incurred driving their own vehicles in service to Defendants and their customers; the costs of purchasing and/or leasing vehicles and all operation costs associated with the vehicles, including fuel, maintenance, and repair and the costs of insurance.

20.     The wage statements provided by Defendants to Plaintiff and similarly situated merchandisers fail to accurately state the actual number of hours worked and the applicable pay rate(s).

21.     Defendants' failure to pay legally required compensation under Wage Order No. 1 and Labor Code provisions, to pay minimum wage, to pay overtime wages, to provide meal periods as required by Labor Code sections 226.7 and 512, to reimburse business expenses, and to furnish Plaintiff and similarly situated merchandisers with wage statements accurately showing hours worked and the applicable rate of pay, as alleged above, constitute unlawful and/or unfair activities prohibited by Business and Professions Code section 17200 and predicate violations of the Private Attorneys General Act ("PAGA").

## V.     CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this lawsuit as a class action pursuant to Code of Civil Procedure section 382 on behalf of himself and all similarly situated employees. The class that Plaintiff seeks to represent is defined as: current and former merchandisers employed by Defendants in the State of California at any time during the Class Period.

23.     The claims herein have been brought and may properly be maintained as a class action under Code of Civil Procedure section 382 because each of the requirements for class certification is met:

a.     Ascertainability and Numerosity: The potential members of the Class as defined herein are so numerous that joinder would be impracticable. Plaintiff is informed and believes and, on such information, and belief alleges that Defendants have employed at least forty (40) merchandisers in California during the Class Period. The names and addresses of the

- 4 -

1  merchandisers are available from Defendants. Notice can be provided to the merchandisers via first

2  class mail using techniques and a form of notice similar to those customarily used in class action

3  lawsuits of this nature.

4          b.    Commonality: There are questions of law and fact common to Plaintiff and

5  similarly situated merchandisers that predominate over any questions affecting only individual

6  members of the Class. These common questions of law and fact include, without limitation:

7            i.   Whether Defendants violated Labor Code sections 1182.11-1182.13, 1194,

8                1194.2, 1197 and 1198, and IWC Wage Order No. 1 by failing to pay the

9                minimum wage for all hours worked;

10           ii.  Whether Defendants violated Labor Code sections 226.7 & 512, and IWC

11                Wage Order No. 1 by failing to provide overtime wages;

12          iii.  Whether Defendants violated Labor Code sections 226.7 and 512 and IWC

13                Wage Order No. 1 by failing to provide meal periods;

14          iv.  Whether Defendants violated Labor Code section 2802 by failing to

15                reimburse or indemnify for business-related expenses, including but not

16                limited to, the costs of fuel, tolls, maintenance and insurance;

17           v.  Whether Defendants violated Labor Code section 226 and Wage Order No.

18                1 by failing to issue adequate and legally compliant wage statements;

19          vi.  Whether the violations set forth in subsections i-v set forth immediately

20                above constitute an unlawful, unfair, and/or fraudulent business practice

21                under Business and Professions Code Section 17200, et seq.;

22          vii.  What relief is necessary to remedy Defendants' unfair and unlawful

23                conduct as herein alleged; and

24         viii. Other questions of law and fact.

25          c.    Typicality: Plaintiff's claims are typical of the claims of the Class that he

26  seeks to represent. Plaintiff and similarly situated merchandisers have sustained injuries-in-fact due

27

28

1  to their damages arising out of and caused by Defendants' common course of conduct in violation
2  of law, as alleged herein.

3          d.     <u>Adequacy of Representation</u>:  Plaintiff is a member of the Class that he
4  seeks to represent and will fairly and adequately represent and protect the interests of the similarly
5  situated merchandisers. Counsel representing Plaintiff are competent and experienced in litigating
6  wage and hour class actions.

7          e.     <u>Superiority of Class Action</u>:  A class action is superior to other available
8  means for the fair and efficient adjudication of this controversy. Individual joinder of all Class
9  Members is not practicable, and questions of law and fact common to Class predominate over any
10  questions affecting only individual members of each class. Each merchandiser has suffered injury
11  and is entitled to recover by reason of Defendants' illegal policies and/or practices as alleged
12  herein. Class action treatment will allow those similarly situated persons to litigate their claims in
13  the manner that is most efficient and economical for the parties and the judicial system. Further, the
14  prosecution of separate actions against Defendants by individual merchandisers would create a risk
15  of inconsistent or varying adjudications that would establish incompatible standards of conduct for
16  Defendants.

17  ## VI.    DAMAGES

18      24.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff and
19  similarly situated merchandisers are owed, among other things, minimum wage compensation plus
20  interest and liquidated damages, overtime pay, payments for meal period violations, reimbursement
21  of business expenses, wage statement penalties, and other statutory penalties, in an amount that
22  exceeds $25,000, the precise amount of which will be proven at trial.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED**
(Labor Code §§ 1182.11-1182.13, 1194, 1194.2, 1197 & 1198;
Wage Order No. 1)
*(Plaintiff against All Defendants)*

25.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself, the above-described Class of similarly situated merchandisers, employed by Defendants in California.

26.     Throughout the Class Period, Labor Code sections 1182.11-1182.13, 1194, 1197, and Wage Order No. 1 were in full force and effect and required that Defendants' non-exempt employees receive at least the minimum wage for all hours worked.

27.     Throughout the Class Period, as a result of the policies and practices set forth herein, Defendants failed to pay Plaintiff and similarly situated merchandisers, and continually fails to pay them, minimum wages as required by law for all of their hours worked.

28.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiffs and similarly situated merchandisers have suffered economic damages in amounts to be determined at trial.

29.     Labor Code section 1194(a) provides that an employee who has not been paid minimum wages as required by section 1197 may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

30.     Labor Code section 1194.2 provides that employees who have not been paid at least minimum wages for their hours worked are entitled to recover liquidated damages in an amount equal to the minimum wages that a defendant unlawfully failed to pay them in amounts according to proof at the time of trial.

31.     Plaintiff, on behalf of himself and the above-described classes of similarly situated merchandisers, requests relief as set forth below.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE OVERTIME WAGES
**(Labor Code §§ 226.7 & 512, and Wage Order No. 7)**
*(Plaintiff against All Defendants)*

32. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated merchandisers employed by Defendants in California.

33. Labor Code section 510(a) establishes an eight (8) hour workday and 40-hour workweek, and provides that work in excess of eight (8) hours in one day or 40 hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay ("overtime rate").

34. Because Defendants do not account for all hours worked by merchandisers, Defendants regularly failed to compensate Plaintiff and similarly situated merchandisers at the overtime rate for hours worked in excess of eight (8) hours per day and forty (40) hours per week.

35. Defendants violated Labor Code section 510 and the applicable wage order by subjecting merchandisers to employer control, or knowingly suffering or permitting merchandisers to work, in excess of the statutory overtime thresholds, without paying the applicable premium rate.

36. Plaintiff and similarly situated merchandisers may enforce these provisions pursuant to Labor Code section 1194(a) and Business and Professions Code section 17200 et seq.

37. Labor Code section 1194(a) provides that an employee who has not been paid overtime wages may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

38. Defendants failed to compensate Plaintiff and similarly situated merchandisers for all time worked, rendering Defendants' overtime calculations erroneous.

39. Plaintiff and similarly situated merchandisers are entitled to overtime wages at the applicable premium rate as a result of Defendants' practice of not compensating Plaintiff and similarly situated merchandisers at the required overtime rate. Defendants failed to pay overtime wages when due, as required by Labor Code section 204, and have not paid overtime wages due to date.

1    40.    Plaintiff, on behalf of himself and the above-described classes of similarly situated

2    merchandisers, requests relief as set forth below.

3    ### THIRD CAUSE OF ACTION

4    **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS**
     **(Labor Code §§ 226.7 & 512, and Wage Order No. 1)**

5    *(Plaintiff against All Defendants)*

6    41.    The allegations of each of the preceding paragraphs are realleged and incorporated

7    herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the

8    above-described Class of similarly situated merchandisers employed by Defendants in California.

9    42.    Throughout the Class Period, California Labor Code sections 226.7 and 512, and

10   Wage Order No. 1 were in full force and effect and required Defendants to provide employees who

11   worked in excess of five (5) hours a day without being provided at least a thirty (30) minute meal

12   period in which they were relieved of all duties, and a second thirty (30) minute meal period to

13   employees who worked in excess of ten (10) hours a day, and to pay one (1) hour of additional pay

14   at the regular rate of compensation for each workday that the proper meal periods were not

15   provided.

16   43.    Plaintiff and merchandisers have regularly worked in excess of five (5) hours a day

17   and ten (10) hours a day, without being provided at least a thirty (30) minute meal period in which

18   they were relieved of all duties, as required by Labor Code sections 226.7 and 512, and IWC Wage

19   Order No. 1, section 11.

20   44.    Defendants regularly failed to provide a 30 minute off-duty meal periods to Plaintiff

21   and similarly situated merchandisers who worked more than five hours in a day. Additionally,

22   Defendants also regularly failed to provide a second 30-minute meal period to Plaintiff, and

23   similarly situated merchandisers who worked more than 10 hours in a day.

24   45.    Because Defendants failed to provide meal periods, Defendants are liable to

25   Plaintiff and similarly situated merchandisers for one (1) hour of additional pay at the regular rate

26   of compensation for each workday that the proper meal periods were not provided, pursuant to

27   Labor Code section 226.7(b) and IWC Wage Order No. 1, section 11.

28

-9-

46. By violating Labor Code section 226.7 and IWC Wage Order No. 1, section 11, Defendants are also liable for interest under Labor Code section 218.6 and reasonable attorneys' fees and costs under Labor Code section 218.5.

47. Additionally, Defendants did not maintain adequate and accurate records of all wages earned, hours worked, and meal breaks taken, in violation of Wage Order No. 1, section 7.

48. Plaintiff, on behalf of himself and the above-described class of similarly situated merchandisers, requests relief as set forth below.

## FOURTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY EMPLOYEES FOR BUSINESS-RELATED EXPENSES
### (Labor Code § 2802)
### *(Plaintiff against All Defendants)*

49. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described class of similarly situated merchandisers employed by Defendants in California.

50. Labor Code section 2802 provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. ... For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

51. While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiff and other merchandisers incurred work-related business expenses, including mileage incurred driving their own vehicles in service to Defendants and their customers; the costs of purchasing and/or leasing vehicles, and all operation costs associated with the vehicles, including fuel, maintenance, and repair and the cost of insurance, for which Defendants failed to reimburse them.

52. By requiring Plaintiff and merchandisers to incur business expenses in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants'

- 10 -

1    direction without fully reimbursing or indemnifying employees for these expenses, Defendants

2    violated and continue to violate Labor Code section 2802.

3        53.    As a direct and proximate result of Defendants' unlawful practices and policies,

4    Plaintiff and similarly situated merchandisers have suffered monetary losses, and are entitled to

5    restitution of all expenses incurred in the performance of their work duties, interest thereon,

6    reasonable attorneys' fees and costs, and all applicable statutory penalties available for Defendants'

7    violations of Labor Code section 2802.

8        54.    Plaintiff, on behalf of himself and the above-described classes of similarly situated

9    merchandisers, requests relief as set forth below.

## FIFTH CAUSE OF ACTION

### WAGE STATEMENT PENALTIES
#### (Labor Code § 226)
#### *(Plaintiff against All Defendants)*

13       55.    The allegations of each of the preceding paragraphs are realleged and incorporated

14   herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the

15   above-described Class of similarly situated merchandisers employed by Defendants in California.

16       56.    Labor Code section 226(a) requires employers semi-monthly or at the time of each

17   payment of wages to furnish each employee with a statement itemizing, among other things, the

18   total hours worked, applicable hourly rate and wages earned by the employee. Labor Code section

19   226(e) provides that if an employer knowingly and intentionally fails to provide a statement

20   itemizing, among other things, the total hours worked by the employee, then the employee is

21   entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation

22   and one hundred dollars ($100.00) for each subsequent violation, up to a maximum of four

23   thousand dollars ($4,000.00).

24       57.    Defendants knowingly and intentionally failed to furnish Plaintiff and similarly

25   situated merchandisers with timely, accurate, itemized statements showing the actual total hours

26   worked, the applicable hourly rate, and wages earned by each of them as required by Labor Code

27   section 226(a).

28

1      58.     Plaintiff and similarly situated merchandisers were damaged by this failure because,

2 among other things, they could not determine whether Defendants had paid them all wages due.

3      59.     As a result, Defendants are liable to Plaintiff and similarly situated merchandisers

4 for the amounts provided by Labor Code section 226(e).

5      60.     Plaintiff, on behalf of himself and the above-described class of similarly situated

6 merchandisers, requests relief as set forth below.

7 <div align="center">

**SIXTH CAUSE OF ACTION**

</div>

8 <div align="center">

**UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES**
**(Business & Professions Code §§ 17200 *et seq.*)**

9 ***(Plaintiff against All Defendants)***

</div>

10      61.     The allegations of each of the preceding paragraphs are realleged and incorporated

11 herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the

12 above-described Classes of similarly situated merchandisers employed by Defendants in

13 California.

14      62.     Defendants' failure to pay legally required compensation under Wage Order No. 1

15 and Labor Code provisions, to pay minimum wage, to pay overtime wages, to provide meal periods

16 as required by Labor Code sections 226.7 and 512, to reimburse business expenses, and to furnish

17 wage statements accurately showing hours worked, as alleged above, constitute unlawful and/or

18 unfair activities prohibited by Business and Professions Code section 17200. Plaintiff reserves the

19 right to identify additional unfair and unlawful practices by Defendants as further investigation and

20 discovery warrants.

21      63.     Moreover, Business and Professions Code section 17203 provides that the Court

22 may restore to an aggrieved party any money or property acquired by means of unlawful and unfair

23 business practices. Plaintiff seeks a court order requiring an audit and accounting of the payroll

24 records to determine the amount of restitution of all unpaid wages owed to himself and similarly

25 situated merchandisers, according to proof, as well as a determination of the amount of funds to be

26 paid to current and former employees that can be identified and located pursuant to a court order

27 and supervision.

28

1     64.    Defendants are "persons" within the meaning of Business and Professions Code

2  section 17201, which includes "natural persons, corporations, firms, partnerships, joint stock

3  companies, associations and other organizations or persons."

4     65.    Plaintiff and similarly situated merchandisers are "persons" within the meaning of

5  Business and Professions Code section 17204 who have suffered injury in fact as a result of

6  Defendant's unfair competition, and who comply with the requirements of Code of Civil Procedure

7  section 382, as set forth above, and therefore have standing to bring this claim for injunctive relief,

8  restitution, and other appropriate equitable relief.

9     66.    As a result of its unlawful and/or unfair acts, Defendants have reaped and continue

10  to reap unfair benefits and illegal profits at the expense of Plaintiffs and similarly situated

11  merchandisers. Defendants should be enjoined from this activity and made to restore to Plaintiff

12  and similarly situated merchandisers their wrongfully withheld wages, interest thereon, and related

13  statutory penalties, pursuant to Business and Professions Code sections 17202 and 17203.

14     67.    Private enforcement of these rights is necessary, as no other agency has raised a

15  claim to protect these workers. There is a financial burden incurred in pursuing this action that

16  would be unjust to place upon Plaintiff, as the burden of enforcing workforce-wide rights is

17  disproportionately greater than that of enforcing only Plaintiff's individual claims. Additionally,

18  Plaintiff and similarly situated merchandisers are low-income workers who cannot afford to spend

19  part of their wages on enforcing others' wage rights. Therefore, it would be against the interest of

20  justice to force payment of attorneys' fees from Plaintiff's or similarly situated merchandisers'

21  recovery in this action. Accordingly, attorneys' fees are appropriate and sought pursuant to the

22  Code of Civil Procedure section 1021.5.

23     68.    Plaintiff, on behalf of himself and the above-described class of similarly situated

24  merchandisers, requests relief as set forth below.

25

26

27

28

## SEVENTH CAUSE OF ACTION

## PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT
### (Labor Code §§ 2698, *et seq.*)
### *(Plaintiff against All Defendants)*

69. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and similarly situated merchandisers employed by Defendants in California.

70. Pursuant to Labor Code section 2699.3(a), prior to the filing of the original complaint, on April 25, 2022, Plaintiff gave notice by electronic filing and by certified mail to Defendants and the Labor Workforce Development Agency ("LWDA") of the factual and legal basis for the labor law violations alleged in this complaint. The LWDA has not provided notice pursuant to Labor Code section 2699.3(a)(2)(A), and sixty-five calendar days have passed since the postmark date of Plaintiff's LWDA notice. Therefore, Plaintiff is entitled to commence a civil action pursuant to Labor Code section 2699.

71. Labor Code section 2699(g)(1) provides, in pertinent part: "[A]n aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action . . . filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

72. Plaintiff is an aggrieved employee as defined by Labor Code section 2699(a).

73. Plaintiff's cause of action under Labor Code section 2698, et seq. is based on the following allegations:

a. Violations of Labor Code section 558 for failing to pay minimum wages due. Specifically, American Bottling does not pay minimum wages to Plaintiff and other aggrieved employees for all hours worked, as required by Labor Code sections 1182.1-1182.3, 1194, 1194.2, 1197 and 1198.

b. Violations of Labor Code sections 226.7 and 512 for failing to pay overtime wages. Specifically, American Bottling does not provide compensation to Plaintiff and

1         other aggrieved employees at the overtime rate for hours worked in excess of 8

2         hours in one day and 40 hours in one week.

3     c.    Violations of Labor Code section 558 for failing to pay wages due, including those

4         for missed meal periods as required by Labor Code sections 226.7 and 512.

5         Specifically, American Bottling does not provide Plaintiff and other aggrieved

6         employees with meal periods, and does not pay one additional hour of pay at their

7         regular rate of compensation for each missed, late or incomplete meal period.

8     d.    Violations of Labor Code section 2802, requiring employers to indemnify

9         employees for all work-related expenditures. Specifically, American Bottling

10        willfully and knowingly failed to reimburse Plaintiff and other aggrieved employees

11        for employment-related expenses, including mileage incurred driving their own

12        vehicles in service to American Bottling and its customers; the costs of purchasing

13        and/or leasing vehicles and all operation costs associated with the vehicles,

14        including fuel, maintenance, and repair and the costs of insurance.

15     e.    Violations of Labor Code section 226, requiring employers to provide specific

16        information on employees' itemized wage statements, as American Bottling failed

17        to accurately state the actual number of hours worked by Plaintiff and other

18        aggrieved employees, the applicable pay rate(s) and wages earned on wage

19        statements.

20     f.    Violations of Labor Code section 226.3, based on American Bottling's failure to

21        provide Plaintiff and aggrieved employees with itemized wage statements required

22        under Labor Code section 226.

23     g.    Violations of Labor Code sections 204 and 210, based on American Bottling's

24        failures to pay Plaintiff and aggrieved employees all owed wages on their regular

25        pay day.

26

27

28

*UALAT v. AM. BOTTLING CO. et al.*
**FIRST AMENDED COMPLAINT**

h.     Violations of Labor Code section 203, based on American Bottling's failure to pay aggrieved employees' wages within the required time period or waiting time penalties.

74.     As a direct and proximate result of Defendant's unlawful practices and policies, Plaintiff and other aggrieved employees have suffered and continue to suffer monetary losses.

75.     Plaintiffs, on behalf of himself and the above-described class of similarly situated merchandisers, requests relief as set forth below.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the above-described class of similarly situated merchandisers, requests relief as follows:

i.     Certification of the above-described class, pursuant to Code of Civil Procedure section 382;

j.     Certification of the above-described class as representative class under Business and Professions Code section 17200;

k.     Provision of Class Notice to all merchandisers who worked for Defendants in California during the class period;

l.     A declaratory judgment that Defendants have knowingly and intentionally violated Business and Professions Code sections 17200-17208, by the conduct set forth above.

m.     A declaratory judgment that Defendants' violations as described above were willful;

n.     An equitable accounting to identify, locate, and restore to all current and former merchandisers the wages and business expenses that are due;

o.     An award to Plaintiff and similarly situated merchandisers of damages in the amount of unpaid minimum and overtime wages pursuant to Labor Code section 1194, including interest thereon, subject to proof at trial;

1      p.   An award pursuant to Labor Code section 1194.2 to Plaintiff and similarly situated
2          merchandisers of liquidated damages due to Defendants' failure to pay the
3          minimum wage;

4      q.   An award to Plaintiff and similarly situated merchandisers of meal period premiums
5          pursuant to Labor Code section 226.7 for failure to provide meal periods;

6      r.   An award to Plaintiff and similarly situated merchandisers of damages in the
7          amount of unreimbursed business expenses, including interest thereon, subject to
8          proof at trial;

9      s.   An award to Plaintiff and similarly situated merchandisers of statutory penalties
10         because of Defendants' failure to provide itemized wage statements that comply
11         with the requirements of Labor Code section 226;

12      t.   An order requiring Defendants to pay restitution of all amounts owed to Plaintiff
13         and similarly situated merchandisers for Defendants' failure to pay legally required
14         wages, meal period pay, and unreimbursed business expenses, and interest thereon,
15         in an amount according to proof, pursuant to Business & Professions Code section
16         17203;

17      u.   An award to Plaintiff and similarly situated merchandisers of reasonable attorneys'
18         fees and costs, pursuant to Code of Civil Procedure section 1021.5 and Labor Code
19         sections 218.5, 226(e), 558, 1194, 2699(g)(1) and/or other applicable law;

20      v.   An award to Plaintiff, other aggrieved employees and the State of California of civil
21         penalties under Labor Code section 2699(f); and

22         An award to Plaintiff and similarly situated merchandisers of such other and further
23         relief as this Court deems just and proper.

24  //

25  //

26  //

27  //

28

DATED:  June 28, 2022                    HUNTER PYLE LAW

                                         By: _____
                                             Hunter Pyle
                                             Natalia Ramirez Lee

                                         Attorneys for Plaintiff and the Putative Class

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is Hunter Pyle Law, 505 14th Street, Suite 320, Oakland, California 94612. On this day, I served the following Document(s):

## FIRST AMENDED COMPLAINT

☒ By Mail to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Hunter Pyle Law, mail placed in that designated area is given the correct amount of postage and is either picked up or deposited that same day, in the ordinary course of business in a United States mailbox in the City of Oakland, California.

> THE AMERICAN BOTTLING COMPANY
> C T CORPORATION SYSTEM
> 330 N BRAND BLVD STE 700
> GLENDALE, CA 91203
>
> KEURIG DR. PEPPER
> C T CORPORATION SYSTEM
> 330 N BRAND BLVD STE 700
> GLENDALE, CA 91203

I declare under penalty of perjury that the foregoing is true and correct. Executed in Oakland, California, on this date, June 28, 2022.

_____
DARLENE SANCHEZ

- 1 -
PROOF OF SERVICE

# EXHIBIT E


## Service of Process Transmittal Summary

**TO:**       Stephen Cole
              KEURIG DR PEPPER SNAPPLE GROUP
              6425 HALL OF FAME LN
              FRISCO, TX 75034-1954

**RE:**       **Process Served in California**

**FOR:**      Keurig Dr Pepper Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOASH UALAT, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED // To: Keurig Dr Pepper Inc. |
| **CASE #:** | 22CV012252 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 06/30/2022 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/30/2022, Expected Purge Date: 07/05/2022 |
| | Image SOP |
| | Email Notification, Janet Barrett  janet.barrett@kdrp.com |
| | Email Notification, Stephen Cole  stephen.cole@kdrp.com |
| | Email Notification, INGA HARRISON  inga.harrison@kdrp.com |
| | Email Notification, Lauren Timmons  lauren.timmons@kdrp.com |
| | Email Notification, Indira Wanser  indira.wanser@kdrp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Non-Traceable Mail on 06/27/2022 | Stephen Cole<br>KEURIG DR PEPPER SNAPPLE GROUP | 541822214 |
| -- | By Process Server on 06/16/2022 | Stephen Cole<br>KEURIG DR PEPPER SNAPPLE GROUP | 541758471 |



The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



OAKLAND CA 946
TUE 28 JUN 2022 AM

$1.76 0
US POSTAGE
FIRST-CLASS
002S0008564971
94612

# Hunter Pyle Law

505 14th Street, Suite 600, Oakland, CA 94612

**KEURIG DR. PEPPER
C T CORPORATION SYSTEM
330 N BRAND BLVD STE 700
GLENDALE, CA 91203**

**EXHIBIT F**

1  SEYFARTH SHAW LLP
   Daniel Whang (SBN 223451)
2  2029 Century Park East, Suite 3500
   Los Angeles, California 90067-3021
3  Telephone:    (310) 277-7200
   Facsimile:    (310) 201-5219
4
   SEYFARTH SHAW LLP
5  Bradley D. Doucette (SBN 322611)
   bdoucette@seyfarth.com
6  400 Capitol Mall, Suite 2350
   Sacramento, California 95814-4428
7  Telephone:    (916) 448-0159
   Facsimile:    (916) 558-4839
8
9  Attorneys for Defendants
   THE AMERICAN BOTTLING COMPANY;
   and KEURIG DR PEPPER INC.

10

11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      COUNTY OF ALAMEDA

14

15  JOASH UALAT, on behalf of himself and others      Case No. 22CV012252
    similary situated
16                                                     **CLASS ACTION**
                      Plaintiff,
17                                                     Assigned to the Hon. Brad Seligman
         v.
18                                                     **DEFENDANTS' ANSWER TO**
    THE AMERICAN BOTTLING COMPANY, a                   **PLAINTIFF'S FIRST AMENDED**
19  Delaware corporation; KEURIG DR. PEPPER            **COMPLAINT**
    INC., a Delaware corporation; and DOES 1-10,
20                                                      Complaint filed:    June 3, 2022
    Defendants.
21
                      Defendants.
22

23

24

25

26

27

28

Defendants THE AMERICAN BOTTLING COMPANY and KEURIG DR PEPPER INC. ("Defendants"), hereby answer the unverified First Amended Class Action Complaint of Plaintiff JOASH UALAT ("Plaintiff") and Demand for Jury Trial ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), and related legal authority, Defendants deny, generally and specifically, each and every allegation, statement, and matter of each and every purported cause of action in Plaintiff's Complaint. Without limiting the generality of the foregoing and in further answer to the Complaint, Defendants further deny, generally and specifically, that Plaintiff or the putative class members have suffered any injury, damage or loss in any nature or manner whatsoever by reason of any acts or omissions of Defendants.

## SEPARATE ADDITIONAL AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendants allege the foregoing defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST SEPARATE DEFENSE

### (Failure to State a Cause of Action - All Causes of Action)

1.      Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendants.

## SECOND SEPARATE DEFENSE

### (Statute of Limitations - All Causes of Action)

2.      Plaintiff's claims, and the claims of those he seeks to represent, are barred in whole or in part by all applicable statutes of limitations, including, but not limited to including but not limited to California Civil Code sections 337, 38, 339, 340, 343, *et seq.*, and California Business and Professions Code section 17208.

## THIRD SEPARATE DEFENSE

### (Laches - All Causes of Action)

3.      Plaintiff's claims, and the claims of those he seeks to represent, are barred, in whole or in part, by the doctrine of laches.

## FOURTH SEPARATE DEFENSE

### (Waiver - All Causes of Action)

4.      Plaintiff's claims, and the claims of those he seeks to represent, are barred by the doctrine of waiver.

## FIFTH SEPARATE DEFENSE

### (Estoppel - All Causes of Action)

5.      Plaintiff's claims, and the claims of those he seeks to represent, are barred in whole or in part by the doctrine of estoppel.

## SIXTH SEPARATE DEFENSE

### (Unclean Hands - All Causes of Action)

6.      Plaintiff's claims, and the claims of those he seeks to represent, are barred by the equitable doctrine of unclean hands.

## SEVENTH SEPARATE DEFENSE

### (Good Faith - All Causes of Action)

7.      Plaintiff and those individuals he seeks to represent are not entitled to any penalty because, at all times relevant and material herein, Defendants did not knowingly, intentionally or willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code or applicable wage orders.

## EIGHTH SEPARATE DEFENSE

### (No Knowing and Intentional Injury - Fifth and Seventh Cause of Action)

8.      Plaintiff or others are not entitled to recover any penalties for allegedly non-compliant pay statements because no knowing and intentional violation of Labor Code section 226 occurred and they have suffered no injury.

## NINTH SEPARATE DEFENSE

### (Setoff and Recoupment - All Causes of Action)

9.     To the extent a court holds that Plaintiff and the putative class members are entitled to damages or penalties, which is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments Defendants made to Plaintiff and the putative class members and/or all obligations Plaintiff and the putative class members owed to Defendants against any judgment that may be entered against Defendants. Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff and the putative class members received from any source after Plaintiff and the putative class members stopped performing work for Defendants or allegedly ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

## TENTH SEPARATE DEFENSE

### (Labor Code § 2856 - All Causes of Action)

10.     Plaintiff's claims, and the claims of those he seeks to represent, are barred in whole or in part by Labor Code § 2856, to the extent Plaintiff or any individual he seeks to represent failed to comply with all the directions of their employer, and such failure proximately caused the alleged losses for which Plaintiff or that individual seeks relief.

## ELEVENTH SEPARATE DEFENSE

### (*De Minimis* Doctrine - All Causes of Action)

11.     Plaintiff's claims, and the claims of those he seeks to represent, fail to the extent that, even if Plaintiff or any such individual suffered damages (which Defendants dispute), such damages are *de minimis* and therefore not compensable by law. Plaintiff's Complaint seeks compensation for time which, even if in fact worked, was *de minimis* and therefore is not recoverable. Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work. *See, e.g., Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057-1058 (9th Cir. 2010) (noting that courts have generally found that *de minimis* work of less than ten minutes per day is not compensable: "most courts 'have found daily periods of approximately ten minutes *de minimis* even though otherwise compensable'"); *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984)

("It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise compensable."); *Gillings v. Time Warner Cable LLC*, 583 Fed. Appx. 712, 714 (9th Cir. 2014) (federal *de minimis* wage and hour doctrine applies under California law).

## TWELFTH SEPARATE DEFENSE

### (No Standing - All Causes of Action)

12.     Plaintiff's claims are barred to the extent that he lacks standing to pursue the claims for relief in the Complaint on behalf of some or all putative class members.

## THIRTEENTH SEPARATE DEFENSE

### (Irregular or Brief in Duration - All Causes of Action)

13.     Plaintiff's Complaint, and each purported cause of action alleged therein alleging the failure to pay all wages owed, fails to the extent that even if Plaintiff and/or the individuals he seeks to represent were not paid for all work performed, such activities were "so irregular or brief in duration that employers may not be reasonably required to compensate employees for the time spent on them." *Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 848 (2018).

## FOURTEENTH SEPARATE DEFENSE

### (Improper Defendants - All Causes of Action)

14.     To the extent that Defendants did not employ Plaintiff, or those individuals he seeks to represent, they are improperly named Defendants.

## FIFTEENTH SEPARATE DEFENSE

### (Release - All Causes of Action)

15.     To the extent Plaintiff and/or putative members of the purported class have executed a release or been included in a release encompassing claims alleged in the Complaint, their claims are barred by that release.

## SIXTEENTH SEPARATE DEFENSE

### (Preemption - All Causes of Action)

16.     Plaintiff Complaint, and each purported claim alleged therein, is barred to the extent it is preempted by federal law under 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act).

## SEVENTEENTH SEPARATE DEFENSE

### (Collective Bargaining Exemption - Second and Seventh Causes of Action)

To the extent Plaintiff seeks to recover overtime pay under the provisions of the California Labor Code or the applicable Industrial Welfare Commission Wage Order, Plaintiff's claims, and the claims of putative class members, are barred by the collective bargaining exemption, Labor Code section 514.

## EIGHTEENTH SEPARATE DEFENSE

### (Failure to Mitigate Damages - All Causes of Action)

17.     Plaintiff and/or the individuals he seeks to represent had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  By reason of the foregoing, Plaintiff and/or the individuals he seeks to represent are barred in whole or in part from any recovery from Defendants.

## NINETEENTH SEPARATE DEFENSE

### (Justification and/or Excuse - All Causes of Action)

18.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because any alleged actions and/or omissions attributable to Defendants were at all times justified and/or excused.

## TWENTIETH SEPARATE DEFENSE

### (Accord and Satisfaction - All Causes of Action)

19.     Plaintiff and the putative class members' claims are barred by the doctrine of accord and satisfaction.  Specifically, to the extent that Plaintiff and the putative class members were properly and fully compensated for all work performed, including having received payment pursuant to a prior settlement of their claims, and acceptances of these payments constitutes an accord and satisfaction for all debts, if any.

## TWENTY-FIRST SEPARATE DEFENSE

### (Waiver of Meal Periods - Third and Seventh Causes of Action)

20.     Plaintiff's claims, and those of the individuals he seeks to represent, are barred to the extent that Plaintiff and/or those individuals he seeks to represent have signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

## **TWENTY-SECOND SEPARATE DEFENSE**

### **(Waiver of Second Meal Periods - Third and Seventh Causes of Action)**

21. Plaintiff's claims, and those of the individuals he seeks to represent, are barred to the extent that Plaintiff and/or those individuals he seeks to represent have waived their second 30 minute meal period during shifts, if any, during which they worked at least 10 hours, but less than 12 hours, and were provided with the first 30 minute meal period during those shifts.

## **TWENTY-THIRD SEPARATE DEFENSE**

### **(Payment of "Premium Wages" - Third and Seventh Causes of Action)**

22. Plaintiff's claims, and those of the individuals he seeks to represent, are barred to the extent that Plaintiff and/or those individuals he seeks to represent were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest break. The payment of such "premium wages" negates any additional liability for alleged meal and rest period violations.

## **TWENTY-FOURTH SEPARATE DEFENSE**

### **(Lack of Knowledge - All Causes of Action)**

23. Plaintiff's claims, and the claims of those he seeks to represent, are barred to the extent that Defendants did not have actual or constructive knowledge that Plaintiff or any other purportedly similarly situated current or former employees allegedly worked uncompensated time, were denied meal or rest periods, or incurred unreimbursed expenses.

## **TWENTY-FIFTH SEPARATE DEFENSE**

### **(Meal Periods Provided - Third and Seventh Causes of Action)**

24. Plaintiff's claims, and the claims of those he seeks to represent, are barred to the extent that Plaintiff and/or those individuals he seeks to represent were, at all relevant times, provided with all required meal periods and authorized and permitted to take all required rest breaks.

## **TWENTY-SIXTH SEPARATE DEFENSE**

### **(Res Judicata, Collateral Estoppel and Issue Preclusion - All Causes of Action)**

25. Plaintiff's claims, and the claims of those he seeks to represent, are barred to the extent that Plaintiff and/or those individuals he seeks to represent were a claimant or plaintiff, or could have

been a claimant or plaintiff, in any prior litigation or administrative action in which the present claims were or could have been asserted, including, but not limited to, any prior class action, collective action, Private Attorneys General Act action, claim before the Division of Labor Standards Enforcement, or individual civil case relating to Plaintiff's employment or the employment of any person he seeks to represent. Plaintiff's claims, and those of any individual he seeks to represent, are further barred to the extent that the relief sought in this action, or any claim on an issue relevant to this action, were decided against Plaintiff, against any individual he seeks to represent, or against any individual with similar interest in litigating the matter, in a prior judicial or agency action.

## TWENTY-SEVENTH SEPARATE DEFENSE

### (Adequate Remedy At Law - All Causes of Action)

26.     Plaintiff's claims, and the claims of those he seeks to represent, are barred because Plaintiff and those he seeks to represent have an adequate remedy at law.

## TWENTY-EIGHTH SEPARATE DEFENSE

### (Arbitration - All Causes of Action)

27.     To the extent any of the recoveries sought by the Complaint are subject to arbitration agreements between Defendants and Plaintiff or those he seeks to represent, the recoveries are subject to the terms of (or the claims must be brought in arbitration pursuant to) such agreements.

## TWENTY-NINTH SEPARATE DEFENSE

### (Not Compensable Time - All Causes of Action)

28.     The Complaint, and each purported cause of action alleged therein, are barred because these claims seek compensation for time that is not compensable work time including, but not limited to, unauthorized work, work performed without Defendants' knowledge, and work not subject to or under Defendants' control.

## THIRTIETH SEPARATE DEFENSE

### (No Section 17200 Standing - Sixth Cause of Action)

29.     Plaintiff and/or the individuals he seeks to represent are not entitled to recover any restitution under California Business & Professions Code section 17200, *et seq.* because Plaintiff and/or the individuals he seeks to represent have not suffered any injury in fact or lost money or property as a

8

result of any alleged unfair competition, and/or penalties are unavailable under the statutes Plaintiff sues upon.

## THIRTY-FIRST SEPARATE DEFENSE

### (No Unlawful, Unfair, or Fraudulent Business Practice - Sixth Cause of Action)

30.    Without admitting the allegations in the Complaint, Plaintiff's cause of action pursuant to California Business & Professions Code section 17200, *et seq*. fails because the alleged practices of Defendants are not unfair, unlawful, or fraudulent, and are not likely to deceive the public. In addition, Defendants gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

## THIRTY-SECOND SEPARATE DEFENSE

### (Not an Aggrieved Employee – Seventh Cause of Action)

31.    Plaintiff's seventh cause of action is barred because Plaintiff is not an aggrieved employee and is not entitled to any relief under Labor Code sections 2698 *et seq*.

## THIRTY-THIRD SEPARATE DEFENSE

### (Failure to Exhaust Administrative Remedies – Seventh Cause Of Action)

32.    Plaintiff's seventh cause of action is barred to the extent Plaintiff failed to exhaust his administrative remedies before filing the Complaint, as specified in Labor Code section 2699.3.

## THIRTY-FOURTH SEPARATE DEFENSE

### (Failure to Exhaust Administrative Remedies – All Causes Of Action)

33.    Plaintiff is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory or disproportionate to any damage or loss incurred as a result of Defendants' conduct and therefore unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

## THIRTY-FIFTH SEPARATE DEFENSE

### (PAGA Violates Due Process – Seventh Cause Of Action)

34.     The Complaint is barred because based upon the facts and circumstances of this case, allowing Plaintiff to bring a representative action under PAGA violates Defendants' rights contained in the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTY-SIXTH SEPARATE DEFENSE

### (No Knowledge, Authorization, or Ratification – All Causes Of Action)

35.     Defendants are not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without the knowledge, authorization, or ratification of any of Defendants.

## THIRTY-SEVENTH SEPARATE DEFENSE

### (Failure To Inform Employer Of Alleged Violations – All Causes Of Action)

36.     The Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff did not inform Defendants of any of the violations alleged in the Complaint prior to filing a lawsuit. Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his claims.

## ADDITIONAL DEFENSES AND RESERVATION OF RIGHTS

37.     Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate. Defendants further reserve the right to amend their answer or defenses accordingly and/or to delete defenses that they determine are not applicable during the course of discovery.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff and/or the putative class members take nothing by way of Plaintiff's unverified Complaint;

2.     That this matter not be allowed to proceed on a class basis;

3.    That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

4.    That Defendants be awarded reasonable attorneys' fees according to proof;

5.    That Defendants be awarded the costs of suit herein; and

6.    That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.


DATED: July 18, 2022                              Respectfully submitted,

                                                  SEYFARTH SHAW LLP


                                         By: _____
                                                  Daniel C. Whang
                                                  Bradley D. Doucette
                                                  Attorneys for Defendants
                                                  The American Bottling Company; and
                                                  Keurig Dr Pepper Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                                )   SS

COUNTY OF                      )

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On July 18, 2022, I served the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Hunter Pyle                                      Attorneys for Plaintiff
Natalia Ramirez Lee                             JOASH UALAT
HUNTER PYLE LAW
505 14th Street, Suite 600
Oakland, CA 94612
Email: hunter@hunterpylelaw.com;
nramirezlee@hunterpylelaw.com

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on July 18, 2022, at Los Angeles, California.

_____
                                    Paulin Kim

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

85013458v.1


# Subsequent Receipt

**Filed to Court Successfully**

## Your Order Number: **EF-47dc9cb348a9**

## Court Transaction ID: **22AA00089541**

### Order

| | |
|---|---|
| County/Location: | Alameda Superior Court Rene C. Davidson Courthouse Department 23 |
| Matter #: | LA292863 |
| Submitted Date: | 07/18/2022 11:14am |

### Case

| | |
|---|---|
| Filing Title: | UALAT, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED vs THE AMERICAN BOTTLING COMPANY, A DELAWARE CORPORATION, et al. |
| Case Type: | Civil Unlimited |
| Case Category; | Other Employment Complaint Case |
| Case Number: | 22CV012252 |
| Case Name: | UALAT, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED vs THE AMERICAN BOTTLING COMPANY, A DELAWARE CORPORATION, et al. |

### Documents

| | |
|---|---|
| Answer | la292863.-answer.pdf - 318043kb |

### Additional Documents

| Estimated Fees | Amount |
|---|---:|
| Answer | $ 435.00 |
| Answer | $ 435.00 |
| Answer | $ 1,000.00 |
| Answer | $ 1,000.00 |
| Convenience Fee | $ 4.95 |
| eCourt Transaction Fee (eFiling) | $ 5.00 |
| Credit Card Transaction Fee | $ 79.06 |
| **Total** | **$ 2,959.01** |

Chat

Print Receipt   View My Filing

Copyright © Journal Technologies, USA. All rights reserved.

Chat

# **CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA        )
                                ) SS

COUNTY OF LOS ANGELES    )

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On July 18, 2022, I served the within document(s):

       DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐    electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Hunter Pyle<br>Natalia Ramirez Lee<br>HUNTER PYLE LAW<br>505 14th Street, Suite 600<br>Oakland, CA 94612 | Attorneys for Plaintiff<br>JOASH UALAT<br><br>Email: hunter@hunterpylelaw.com;<br>nramirezlee@hunterpylelaw.com;<br>dsanchez@hunterpylelaw.com |

       I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

       Executed on July 18, 2022, at Los Angeles, California.

                              */s/ Paulin Kim*
                                Paulin Kim

84802367v.4